CASE 54—PETITION EQUITY—JUNE 9.

# Commonwealth, &c., v. Masonic Temple Co.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

IMMUNITY FROM TAXATION IS A PERSONAL PRIVILEGE which can be granted by the Legislature only in consideration of public service to be rendered by the beneficiary, or to religious bodies, charitable institutions or schools. It is not an estate or interest running with the particular property exempted; nor can it be transferred by sale or succession without statutory authority, and to entitle a purchaser or successor to the benefit of it, the intention of the Legislature to continue the privilege must be clear and express, as relinquishment of the taxing power of a State is never to be presumed.

An act of the Legislature exempting from taxation property belonging to "The Masonic Fraternity of Louisville," known as the "Masonic Temple," does not exempt the same property from taxation in the hands of the appellee, the "Masonic Temple Company," although the latter corporation was organized under an act of the Legislature providing for the reorganization of "The Masonic Fraternity of Louisville," and was empowered by that act to purchase the property and the "corporate rights" of that corporation, the act providing "when the corporation is organized and becomes the purchaser of the Masonic Temple it shall be the *successor* of the corporation, the 'Masonic Fraternity of Louisville.'" The "corporate rights" which the new corporation was empowered to purchase from the old do not include immunity from taxation; but, whether so or not, the new corporation, by the terms of the deed executed to it by the old corporation, acquired title to nothing except the property and the claims due to the old corporation. Moreover, neither by the act under which the appellee was organized, nor by the deed under which it acquired title to the property, is any obligation imposed upon appellee to establish and maintain a school for the education of poor and orphan children, which was the inducement and condition of the exemption originally granted to the Masonic Fraternity of Louisville as expressed in the act providing for the exemption.

HELM & BRUCE FOR APPELLANT.

WM. LINDSAY, GOODLOE & ROBERTS FOR APPELLEE.

Record and briefs misplaced.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The Auditor's agent having, as provided by statute,

filed in the Jefferson County Court, information that appellee, "The Masonic Temple Company," on the tenth day of January of each of the years 1862 to 1883, inclusive, owned property taxable under the laws of the State, and failed to give in a list thereof, which consisted of a lot of land bounded by Jefferson, Fourth and Green streets, in the city of Louisville, and improvements thereon, and the county court having found the information true, assessed the value at eighty-five thousand dollars, and the aggregate taxes due at eight thousand five hundred and ninety-three dollars and fifty cents, and placed the same in the hands of the sheriff for collection, this action was brought to enjoin any levy on or sale of the property of the corporation to pay the taxes so assessed.

As appears from his opinion, made part of the record, the ground upon which the judgment of the chancellor was rendered perpetuating the injunction, and an affirmance of that judgment is contended for in argument, is, that the lot in question has, by statute, been exempted from taxation.

By an act of the Legislature approved February 27, 1849, certain persons therein named, on behalf of the officers and members of their respective Masonic institutions in the city of Louisville, and such others as might thereafter be created and apply for participation in the benefits of the act, were created a corporation, under the name of "The Masonic Fraternity of the city of Louisville."

The corporation was empowered to own and dispose of, at pleasure, real and personal property, not exceeding two hundred and fifty thousand dollars in value,

and its business was to be placed under the control of one member of each of the institutions composing it, to be styled "The Masonic Board of Finance."

It seems that some time after its organization the corporation purchased the lot of land described, and commenced the erection of a Masonic temple or hall upon it, which was not, however, completed when an amendment was passed January 9, 1854.

By that act it was provided that for the purpose of benevolence and charity, and the completion of their temple, "The Masonic Fraternity of Louisville" might issue bonds and purchase ground upon which to erect an asylum for indigent Masons, their wives and orphans. It was also provided that those who had or should take stock in the Masonic Temple might constitute a savings institution, with corporate powers and privileges; but that dividends upon the stock therein in excess of ten per cent. should be given in aid of the buildings and charities contemplated by the act.

Further provision was made for organizing The Masonic Savings Institution by an act passed March 9, 1854, in which the excess of dividends were required to be paid to the stockholders in the Masonic Temple.

The act under which the exemption from taxation is claimed, is entitled "An act for the benefit of the Masonic Fraternity of Louisville," was approved March 10, 1856, and is as follows: "That the lot of ground * * with the improvements thereon, belonging to the Masonic Fraternity of Louisville, be * * exempt from taxation for State, county and municipal purposes, *provided*, however, that this exemption is made with a view to enable said fraternity, as soon as a

sufficient fund shall have been accumulated, to establish and maintain a school for the education of poor and orphan children at the expense of said fraternity; and the Legislature reserves the power to repeal or amend this act."

Appellee did not then exist, but was organized as a corporation under an act approved February 2, 1860, the first section of which is as follows: "That it shall be lawful to reorganize the corporation of the Masonic Fraternity of Louisville as herein provided, in order to raise the necessary funds to pay the debts not secured by mortgage or deed of trust, and punctual payment of interest on its debts."

Certain persons named in the act were appointed commissioners to open books of subscription and raise stock, and a list of subscribers of stock having, as provided, been filed in the county court, they then became a corporation under the style mentioned. And March 31, 1860, a tripartite deed was executed between "The Masonic Fraternity of Louisville" of the first, Isaac Cromie, trustee, of the second, and "The Masonic Temple Company" of the third part. By the terms of that deed the absolute title to the lot in question, together with all claims owing to "The Masonic Fraternity of Louisville," was conveyed to the Masonic Temple Company for the recited consideration of one dollar paid, and the covenant of the latter company to pay the debts incurred in erecting the temple, to save Cromie harmless from personal liability by reason of the deed of trust made to and accepted by him for the benefit of the creditors of the first-named company, and to release the Masonic institutions before men-

tioned from payment of their resources and revenues, as required by regulations between them and the board of finance. It is not necessary to decide the question of the validity of the act of March 10, 1856, exempting from taxation the lot upon which the Masonic Temple was erected. But we will simply inquire whether that exemption has inured to appellee, claiming to be the successor and entitled to the franchises of the former corporation.

Sections eight and sixteen of the act of 1860 are principally relied on in support of appellee's claim to the exemption of the property from taxation.

Section eight provides that "the president and directors shall have the power and authority to purchase the Masonic Temple and the corporate rights of the existing corporation, subject to the mortgages on the same, or rent out the rooms in said temple, and any of its franchises, and apply the rents and profits to the payment of interest on the mortgage debts and on the principal stock, until the mortgage debts shall be discharged, and the rents and profits shall be sufficient not only to pay the preferred stockholders, not exceeding ten per cent. per annum interest, and all the stockholders the same dividend; after which there shall be no preferred stock."

Section sixteen is as follows: "That when this corporation is organized and becomes the purchaser of the Masonic Temple, it shall be the successor of the corporation, 'The Masonic Fraternity of Louisville.'"

Immunity from taxation is, from its nature, a personal privilege, which can be granted by the Legislature only in consideration of public service to be

rendered by the beneficiary, or to religious bodies, charitable institutions or schools. It is not an estate or interest running with the particular property exempted, nor can it be transferred by sale or succession without statutory authority, and to entitle a 'purchaser or successor to the benefit of it, the intention of the Legislature to continue the privilege must be clear and express; for relinquishment of the taxing power of a State is never to be presumed. Such has been the ruling of the Supreme Court of the United States and of this court, and any other would be against public policy and common justice, as well as subversive of the sovereign authority of the State. (Morgan v. Louisiana, 93 U. S., 221 ; Wilson v. Gaines, 103 U. S., 417; L. & N. Railroad Co. v. Palmer, 109 U. S., 224 ; Bradley v. McAtee, 7 Bush, 667 ; E. & H. Railroad Co. v. Commonwealth, 9 Bush, 439.)

It therefore follows that the *corporate rights* which appellee was, by section eight, empowered to purchase from the Masonic Fraternity of Louisville, must be regarded such rights or privileges merely as were essential to the existence of that corporation, or accomplishment of the object of its creation, and not as including immunity from taxation, which is a privilege the Legislature may grant to one company, and not intend nor have the power to grant to another.

It, however, makes no difference what meaning may be given to the words, for by the terms of the deed appellee acquired title to the property and to nothing else, except the claims mentioned. Nor do we think the exceptional privilege claimed by appellee can be justified by section 16 without giving to the word

"successor" therein used a meaning forbidden by the rule of construction just mentioned. It is a fair and legitimate inference that the Legislature intended to give to appellee, as a corporation, the right and privilege to purchase, own and control the Masonic Temple building; but the intention to exempt it from taxation, after being thus acquired, is not expressed, nor can be reasonably inferred from the language used. On the contrary, looking at the provisions of the act of 1860 alone, without reference to the subsequent conduct of appellee, it is evident the purpose of those who procured the passage of it, and the organization under it, was the purchase of the property as an investment for their own benefit. And obviously, in order to make it as profitable to themselves as possible, by getting the property at less than its actual cost, without regard to the interest of the institutions composing the Masonic Fraternity of Louisville, it was provided in the act that stockholders in that company could become such in the one about to be formed only by surrendering two shares for one, and paying ten dollars besides, and that all the shares in the old might be purchased up by stockholders in the new company.

Power was conferred to pay off the debts incurred in erecting the building by issuing and disposing of preferred stock by sale or exchange, and all was made personal estate and assignable.

Power was also given to organize the Savings Institution, provided for in the acts of 1854, or to rent the right to organize the same to others, and finally so much of the charter of the Masonic Fraternity of

Louisville, and the amendments thereto, as conflicted, were repealed.

We perceive nothing in the charter of appellee distinguishing it from those ordinarily granted to corporations organized for purely business purposes.

It is true, there is a provision that the Grand Lodge of Kentucky may become a stockholder, and another that at least one-half the directors shall be affiliated Masons. But neither, it seems to us, constitute a reason for the exemption claimed.

There is neither by the act of 1860, nor by the deed under which it acquired title to the property, any obligation imposed upon appellee to establish and maintain a school for the education of poor and orphan children, which was the inducement and condition of the exemption granted by the act of 1856; but it is, and has been from the beginning, free to appropriate the surplus rents and profits to the sole use of its stockholders.

It exacts rent from the Masonic bodies that occupy rooms in the building, a portion of which is used as a theater, and other portions for stores. And although, during the twenty-eight years that have elapsed since it was organized and became the owner of the property, large profits have accrued and been divided among the stockholders, no step has been taken nor intention shown to comply with the condition upon which the privilege was granted to the former company that it now claims the benefit of.

In our opinion appellee occupies in this case the same position that would any other corporation hav-

ing money invested in real property for the exclusive use and benefit of its stockholders.

The judgment is reversed, and cause remanded with directions to dissolve the injunction and dismiss the petition.