Commonwealth v. Nashv., Chatt. & St. Louis Railroad Co.

CASE 77—PETITION ORDINARY—October 25.

# Commonwealth v. Nashville, Chattanooga & St Louis Railroad Company.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. CONSOLIDATION OF RAILROADS — EXEMPTIONS FROM TAXATION.— Where two railroad companies are consolidated by authority of law, each retaining its rights of property, privileges and exemptions, such consolidation does not deprive either of the privileges and exemptions given it by its charter. But if the companies are not authorized by law to transfer their property to and consolidate it into one new company, each retaining its chartered privileges and exemptions, then such transfer creates a new corporation and is equivalent to a sale by each company of its property to the new company, which will have the effect of depriving each company of any exemptions from taxation that may be granted in its charter, and of denying the same to the new company, exemption from taxation being a personal privilege which does not follow the transfer of the title to the property, unless expressly authorized by law.

2. A LEASE OF A RAILROAD FOR ONE THOUSAND YEARS IS EQUIVALENT TO A SALE, or it is at least such a transfer as will defeat an exemption from taxation granted to the lessor by its charter.

W. J. HENDRICK, ATTORNEY-GENERAL, R. REID ROGERS FOR APPELLANT.

Immunity from taxation is a personal privilege never to be enjoyed by any parties other than the original grantees. It is not an estate or interest running with the particular property exempted. (Desty on Taxation, vol. 1, p. 122; Commonwealth v. Masonic Temple Co., 87 Ky., 349; Bradley v. McAtee, 7 Bush, 667; E. & H. R. Co. v. Commonwealth, 9 Bush, 439; Commonwealth v. Owensboro, &c., R. Co., 81 Ky., 575; Ky. Cent. R. Co. v. Commonwealth, 87 Ky., 665; Armstrong v. Athens Co., 16 Pet., 281; Morgan v. Louisiana, 93 U. S., 217, 223; Wilson v. Gaines, 103 U. S., 417; Railroad Co. v. County of Hamblen, 102 U. S., 273; L. & N. R. Co. v. Palmes, 109 U. S., 244; Mem. & L. R. Co. v. Berry, 112 U. S., 609; C. & O. R. Co. v. Miller, 114 U. S., 176; Pickard v. Railroad Co., 130 U. S., 641.)

H. A. TYLER FOR APPELLEE—BRIEF WITHDRAWN.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

It appears by the agreed facts in this case that, by an act of the Legislature of this State, the Hickman & Obion Railroad Co. was incorporated in 1854; that section 24 of said act provided: "That all persons residing in this State and owning stock in said road, shall give said stock in for taxation, under the equalization laws of this State, from and after the completion of the road; but no further tax shall be imposed on said company or road." That the said road was thereupon partly constructed by the Hickman & Obion Company; that afterward said road was leased to and consolidated with the Nashville & Northwestern Railroad Company.

By the agreements of November 13, 1855, and of January 19, 1856, the latter supplemental only, the Hickman & Obion Company leased to the Nashville & Northwestern Railroad Company, for the period of one thousand years, the exclusive right of transporting and conveying passengers and freight over its said road, together with the depot grounds, road-bed, bridges, culverts, materials, privileges and its assets after the payment of its debts, the latter to be used by the said Nashville & Northwestern Railroad Company in the completion of the said Hickman & Obion road; the fifty thousand coupon bonds issued to the Hickman & Obion Railroad Company, were transferred to the Nashville & Northwestern Railroad Company, and that company issued its own stock to the Hickman & Obion in lieu thereof; also, any other stock due the stockholders of the Hickman & Obion Company was to be surrendered and stock issued for it in the name of the Nashville & Northwestern Company; also, the Hickman & Obion Company was not required to keep up

its organization longer than was necessary to settle its indebtedness; all of its rights and privileges were completely merged in the Nashville & Northwestern Company; and the consideration for all of this was that the Nashville & Northwestern Company was to complete the Hickman & Obion road within a specified time. Thereafter, by a proceeding in the chancery court for Davidson county, Tenn., foreclosing a mortgage that the State of Tennessee held on the Nashville & Northwestern Company, the said road, including the lease, was sold, and certain persons bought it, which sale was confirmed; and thereafter they sold the road and lease to the appellee, the Nashville, Chattanooga & St. Louis Railroad Company. It has had the exclusive control and operation of said road, including the part lying in this State, ever since, a period of over twenty years.

In an action by the State against the appellee to recover taxes on that part of the road lying in this State, the appellee resists the right of the State to the taxes upon the ground that, by said act of the Legislature that part of the Hickman & Obion road lying in this State was exempt from taxation. Admitting that said exemption was a personal privilege, which could not be vested in another by sale unless expressly authorized by statute, which it is not contended is the case here, there was not a sale of the Hickman & Obion road, but only a lease to and consolidation with the Nashville & Northwestern Company, which was not such a transfer of the title of the Hickman & Obion road as to defeat the personal privilege of exemption from taxation.

Now, it is true, where two or more railroads are consolidated into one united line and one company, by au-

thority of law, and each retaining its right of property, privileges and exemptions, but uniting into one line and one company for business advantages, such consolidation does not deprive either of the privileges and exemptions given it by its charter, but the same exist and belong to each, notwithstanding the consolidation. See 2 Rorer on Railroads, page 1501; also the authorities cited by the appellee are to the same effect.

On the other hand, if the several companies are not authorized by law to transfer their property to and consolidate it into one new company, each retaining its chartered privileges and exemptions, and such companies transfer all their property to and consolidate it with a new company, such transfer creates a new corporation and is equivalent to a sale of the company's property to the new corporation, which will have the effect of depriving each company of any exemptions from taxation that may be contained in its charter, and of denying the same to the new company; because, as said, it parts with the title to its property to the new company, and the exemption being a personal privilege it does not follow the transmutation of the title to the property, unless expressly authorized by law. See Commonwealth v. Masonic Temple Co., 87 Ky., 349; St. Louis, &c., Railway Co. v. Berry, 113 U. S., 465; St. Louis, &c., Railway Co. v. Berry, 41 Ark., 509. In this case there was a complete transfer and surrender of all the Hickman & Obion's property to the Nashville & Northwestern Company in consideration of the latter completing the former's road within a certain time.

Now, as to the lease of the Hickman & Obion property

to the Nashville & Northwestern Company: Did the lease carry with it the exemption of the Hickman & Obion property from taxation in the hands of the lessee? We think it did not; for it is well settled that where the lease is equivalent to a sale of the property, the right of exemption from taxation is, for the reasons indicated, extinguished. Here, as said, there was an absolute transfer of the Hickman & Obion's property for one thousand years, in consideration of completing the road within a certain time, and no provision made for the reversion of the property. It seems to us that such transfer was equivalent to a sale, or, at least, it was such transfer of property as would defeat the exemption from taxation. See Huck v. Chicago & Alton Railroad Co., 86 Ill., 352.

Therefore, to view the transaction as a consolidation or lease, or both, the right to exemption from taxation was defeated thereby. And as the appellee is operating said road, presumably rightfully, and as the right of exemption was extinguished by the transactions indicated, it must pay the taxes demanded.

The judgment is reversed, with directions for further proceedings consistent with this opinion.