CASE 29—PETITION ORDINARY—MARCH 22.

# Nashville, &c Railroad Co. v. Commonwealth

### APPEAL FROM FRANKLIN CIRCUIT COURT.

To ENTITLE A PURCHASER OR SUCCESSOR TO BENEFIT OF AN IMMUNITY FROM TAXATION granted to the vendor or predecessor the intention of the Legislature to continue the privilege must be clear and express.

Where a foreign railroad corporation which purchased the property and franchises of a railroad company incorporated in this State was "incorporated under the laws of this State and clothed with all the rights, privileges and powers" embraced in the charter of the vendor, the "rights, privileges and powers" thus conferred can not be regarded as embracing the privilege of immunity from taxation embraced in the vendor's charter.

THOMAS H. HINES AND H. A. TYLER FOR APPELLANT.

The Commonwealth had acquired no right to the taxes on the Hickman & Obion railroad for 1887 to 1891 before the passage of the act of April 24, 1882, and the last mentioned act became a part of the charter of the Nashville, Chattanooga & St. Louis Railroad Company as effectively as if it had been enacted prior to the consolidation of the two roads, and the consolidation had been effected thereunder. (Cooley's Const. Limit., pp. 371, 374; Central Railroad and Banking Co. v. Georgia, 92 U. S., 665.)

The word "privileges" contained in the act of 1882 embraced and conferred upon the Nashville, Chattanooga & St. Louis Railroad Company the exemption from taxation contained in the charter of the Hickman & Obion Railroad Company. (Humphrey v. Pegnes, 16 Wall., 244; Commonwealth v. Owensboro & Nashville R. Co., 81 Ky., 572.)

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

By terms of the act passed in 1854, incorporating Hickman & Obion Railroad Company, its property was exempt from taxation, and in lieu thereof the stockholders resid-

ing in this State were to pay taxes upon stock held by them under what is known as the equalization law.

In 1855 that company leased its entire property to the Nashville & Northwestern Railroad Company for the period of one thousand years, and it was subsequently acquired by the Nashville, Chattanooga & St. Louis Railroad Company. That lease was evidently intended to be and was in legal contemplation equivalent to an absolute sale.

This action was brought in 1892 by the Commonwealth to recover of the latter company taxes due upon that part of its railroad property within this State which had been duly assessed, yet remained unpaid for several years. And upon appeal judgment of the lower court dismissing the action was reversed. (See 93 Ky., 430.)

Practical effect of restricting the Commonwealth to taxation upon stock held by resident stockholders was to ultimately exempt stockholders as well as that company from all taxes. And in the former opinion it was held that such immunity was not, nor could without direct sanction of the General Assembly, if at all, be transferred by one corporation to the other. But upon return of the case defendant, now appellant, the Nashville, Chattanooga & St. Louis Railroad Company, filed an amended answer referring to and relying upon "An act to incorporate the Nashville, Chattanoooga & St. Louis Railroad Company," approved April 24, 1882, whereby it was "incorporated under the laws of this State and is clothed with all the rights, privileges and powers, and subject to like restrictions, as are embraced in the charters of the Hickman & Obion Railroad Company in Kentucky and the Nashville, Chattanooga & St. Louis Railroad Company in Tennessee."

In Commonwealth, &c., v. Masonic Temple Company, 87 Ky., 349, cited in former opinion in this case, it was held that

to entitle a purchaser or successor to benefit of an immunity from taxation granted to the vendor or predecessor intention of the legislature to continue the privilege must be clear and express, relinquishment of the taxing power of a State never being presumed.

The rights, privileges and powers with which the Nashville, Chattanooga & St. Louis Railroad Company was clothed by the act of 1882 must according to that just and salutary rule of construction be regarded only such "as were essential to existence of the corporation or accomplishment of the object of its creation, and not as including immunity from taxation which is a privilege the legislature may grant to one company and not intend nor have the power to grant to another." It does not appear that appellant, a foreign corporation, has undertaken, or is capable of performing, public services, in meaning of the constitution, that entitled it to the privilege of immunity from taxation imposed upon other railroad companies in the State, and it can not be reasonably presumed the legislature ever intended to grant it.

Judgment affirmed.