CASE 28—MOTION—FEBRUARY 3.

# City of Louisville vs. Commonwealth.

### APPEAL FROM JEFFERSON COUNTY COURT.

1. The only statute law defining the property subject to, and exempt from taxation, is embodied in 2 *Rev. Stat.*, *art.* 5, *secs.* 1, 2, 3, *pp.* 248–9–50.

2. A general law concerning persons may include artificial as well as natural persons; and every corporation—including the United States, each separate State, and each county—is, in law, a person.

3. A private corporation, like a bank, railroad, or turnpike company, is, in the technical sense, personal ; but a municipal corporation, like a State, county, or the city of Louisville, while nominally a person, is virtually a political power.

4. The tax law of Kentucky applies to persons only, and not to political bodies, exercising in different degrees the sovereignty of the State.

5. The express exceptions specified in the statute do not imply that no property not excepted shall be exempt, or that municipal property, used for public purposes of local government, was intended to be subject to taxation.

6. Whatever property owned and used by Louisville in its social or commercial capacity, as a private corporation, and for its own profit, such as vacant lots, market-houses, fire-engines, &c., is subject to taxation. Property dedicated to charity is not subject.

W. S. BODLEY, for appellant, cited 9 *B. Mon.*, 336.

W. MIX, on same side, cited *Rev. Stat.*, *ch.* 58, *art.* 1, *sec.* 1 ; *M. & B.*, 1080, 1373.

JOHN M. HARLAN, Attorney General, for Commonwealth, cited *ch.* 83, *art.* 1, *secs.* 1, 2, *Rev. Stat.; Ang. & Ames. Corp.*, *sec.* 441 ; 15 *Johns.*, 382.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT :

The various articles of property owned by the city of Louisville as a corporation having been assessed for State revenue, for the year 1863, at the aggregate valuation of $664,000, the city moved the county judge of Jefferson to correct the assessment, by exempting all the property as municipal, and, therefore, claimed to be not liable to State taxation, or by reducing the reported valuation on such property as should be adjudged liable. The court exempted " the city hall " only, and made a small reduction in the valuation of all other property as assessed. The city, by this appeal, seeks a reversal of that judg-

ment, and we now adjudge that the county judge erred in not making the exemption more comprehensive, and also in not reducing, to a greater extent, the valuation of property liable to taxation.

The only statutory law on this subject is embodied in the 2d vol. of Stanton's Revised Statutes, article 5, sections 1, 2, 3, pp. 248–9–50. Section 1st prescribes the form of the assessor's list, including all the articles to be assessed; and the 2d and 3d sections contain the following provisions:

"Section 2. All estate, real and personal, and all interest in such estate, named and specified in the tax-book aforesaid, shall be assessed for taxation, and the tax paid by the owner or possessor thereof to the person authorized by law to receive the same."

"Section 3. Houses of public worship and land, held under the laws of this State, by any denomination of Christians or professors of religion, for devotional purposes, to the extent of five acres, and the land upon which any seminary of learning is erected to the extent of five acres, held fiducially or individually; and custom house, post-office building, court-room, or other necessary offices or hospitals built or owned by the United States, including the lots of ground on which they are erected, and all libraries, philosophical apparatus owned by any seminary of learning, and all church furniture and books for the objects and uses of religious worship, shall be exempt from taxation, and may not be listed by the assessor."

Whether these enactments include municipal property as subject to taxation, is the first and principal question to be considered.

A general law concerning persons may include artificial as well as natural persons; and every corporation is a legal person. Even the United States, and each separate State, and every county in each State, are *quasi* corporations, and each of all such corporations is, in law, a person. And, consequently, a tax on the real estate of all persons would, without qualification or exception, literally include that of every corporation, municipal as well as private. But, in this respect, there is an obvious and essential distinction between municipal and

private corporations. A private corporation, like a bank, or railroad, or turnpike company, is, in the technical sense, altogether personal. But a municipal corporation, like a State, a county, or the city of Louisville, is much more than a person. While nominally a person, it is vitally a political power; and each, in its prescribed sphere, is "*imperium in imperio.*" All are constituent elements of one total sovereignty. The city of Louisville, to the extent of the jurisdiction delegated to it by its charter, is but an effluence from the sovereignty of Kentucky, governs for Kentucky, and its authorized legislation and local administration of law are legislation and administration by Kentucky through the agency of that municipality. The tax law of Kentucky constructively applies to persons only, and not at all to political bodies exercising in different degrees the sovereignty of the State. Were this not true, then—the statute literally embracing all persons, and the State being, in one sense, a person—her capital and penitentiary and other public property would, like the estate of a natural person, be subject to assessment for taxation; and so, too, would the court-houses and jails and poor-houses of all the counties in the State. But neither the State nor a county has ever been considered a person contemplated by any tax law ever enacted. And does not the only reason for their constructive exclusion equally exempt the municipal property of Louisville, used for the convenience and facility of its local government? We think so, and, without elaborate argument, we so adjudge.

The exceptions specified in the statute, as herein quoted, do not imply that municipal property, *used for public purposes of local government*, was intended by the Legislature to be subject to taxation. These exceptions exonerate private property, such as churches and school-houses, which might otherwise have been constructively subject; and property of the United States, such as custom-house, &c., which, being protected by the laws of Kentucky, would certainly be subject to her taxing power, and might have been held as subjected by the statute, had it not, as an act of comity or policy, expressly exempted it. These express exemptions, therefore, do not imply that no property not thus excepted shall be exempt. To assume the

converse would involve the absurdity of taxing the public property of the State and the counties. But no jurist could have ever apprehended such an assumption; and, therefore, the Legislature was not guilty of the folly of expressly exempting that which no rational construction could have made subject to the tax law. And if, notwithstanding the specified exceptions, the public property of the State and counties is exempt, the same reason exempts the public property of Louisville *used for carrying on its municipal government.* But, so far as any of its property may be used, not for that purpose, but only for the convenience or profit of its citizens individually or collectively, this it owns and uses as a private corporation, and, like the property of all such corporations, not expressly exempted, it is a legal subject of assessment for taxation. The more precise and distinctive test for classification is this : Whatever property, such as court-house, prison, and the like, which became necessary or useful to the administration of the municipal government, and is devoted to that use, is exempt from State taxation ; but whatever is not so used, but is owned and used by Louisville in its social or commercial capacity as a private corporation, *and for its own profit,* such as vacant lots, market-houses, fire engines, and the like, is subject to taxation. If, however, as just indicated, the property owned by the city as a private corporation, is not used for profit to the city, but is dedicated to charity, it is not constructively subject to taxation under any existing law. In England it has been adjudged that a corporation, owning land and *using it for its own profit,* is constructively embraced by a statute of 42 *Eliz., ch.* 2, imposing a poor-rate duty on *"inhabitants and occupiers."* (*Cowper,* 73.) This implies that, had the land been devoted to charity or other public use, the corporate owner would not have been deemed liable under the statute.

The true principle of taxation is equality of contribution according to means. A charity is no part of the means of the donor or of the mere custodian of the barren title. It is of no pecuniary profit or appreciable value to the nominal owner. It is not therefore a fit subject for taxation. And, consequently, although the Legislature has the power to tax it, yet no

general statute for taxing the property of all *persons* will be interpreted as embracing property dedicated to public use or mere benevolence. In this category are included hospitals, alms-houses, and school-houses.

The county judge will have no difficulty in applying the foregoing principles and tests to this case on its return to his court. He will easily see what property is used in subservience to the municipal government, what to charity, and what to the profit and convenience of the citizens in the capacity of a private corporation. Much the larger portion of the property as assessed, including wharves, engine-houses, and other articles not used or needed for governmental purposes, are not entitled to exoneration. And, as to these, the proof entitled the city to a much larger reduction in the assessed value than the county judge made. On this subject the testimony of Kaye ought to outweigh the unverified estimate of the city auditor.

On the return of the case further testimony may be heard on both sides for fixing the proper value.

For the foregoing reasons the judgment is reversed, and the cause remanded for further proceedings and judgment conformable with this opinion.