CASE 68—MANDAMUS—SEPTEMBER 18.

# Commonwealth v. Makibben, County Judge.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. EXEMPTIONS FROM TAXATION.—The property of a city not necessary to carrying on its municipal government as a political power must be treated as the property of a private corporation, and can not be exempted by the Legislature from State taxation, except in consideration of public services.

Water-works constructed and operated by a city are not necessary for carrying on its municipal government as a political power, but are merely for the convenience or profit of its citizens, and, therefore, an act of the Legislature exempting such property from taxation is unconstitutional.

2. SAME.—To authorize the exemption of property from taxation in consideration of public services, such services must be expressed in the act making the exemption, or in some act to which that act is an amendment.

JESSE ARTHUR, EDWARD W. HINES FOR APPELLANT.

1. The county judge acts ministerially in assessing property for taxation, and, therefore, mandamus lies to compel him to make the assessment. (Hoke v. Commonwealth, 79 Ky., 567; Puget Sound Agr. Co. v. Pierce County, 1 Wash. (Tenn.), 159; People v. Otsego County, 51 N. Y., 401; People v. Auditor General, 9 Mich., 134.)

2. The act of the Legislature exempting the Newport Water-works from taxation is partial legislation, and, therefore, unconstitutional. (Barbour v. Board of Trade, 82 Ky., 645.)

3. The exemption is to continue only so long as the property remains "unproductive." The income of the water-works is greater than the running expenses, so it would seem that they are no longer unproductive.

CHARLES J. HELM FOR APPELLEE IN PETITION FOR REHEARING.

No brief filed.

The duty of the county judge was to do that which the assessor should have done; and as municipal corporations were not required, from 1870 to 1881, inclusive, to list their property, but were required to report direct to the Auditor, the assessor of Campbell county had no power to list the property of the city of Newport, and, therefore, the county judge had no power to do so. (Section 2 of Auditor's

Commonwealth v. Makibben, County Judge.

Agent Act, Gen. Stats. (ed. 1881), p. 753; Gen. Stats., chap. 29, art. 12; Acts 1863-4, p. 101; Acts 1867, p. 62.

If the language of the statute includes persons or corporations who were to report to the Auditor, then it was the duty of the judge of the Franklin County Court to list the property, and to him the information should have been given.

Cases explained: Hoke v. Commonwealth, 79 Ky., 567; Louisville Water Co. v. Hamilton, 81 Ky., 517; Lou. & Ev. Mail Co. v. Barbour, &c., 10 Ky. Law Rep., 836; Clark, Sheriff, &c., v. Louisville Water Co., 12 Ky. Law Rep., 309.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

This was a proceeding under the Auditor's Agent Act to have the water-works belonging to the city of Newport taxed by the county court for State purposes. The county court refused to have said water-works listed for taxation for State purposes upon the ground that, by an amended act of the Legislature of this State, said property was exempted from "State or county taxes as long as the same remained unproductive;" and as the same was not productive at the time the request was made and acted on, said property was exempt from State taxation. The case is here on mandamus to compel the judge of said court to list said property for taxation.

If the amended act exempting said property from taxation is unconstitutional, the court ought to have listed said property for State taxation. So the question is, had the Legislature the constitutional power to exempt said property from taxation?

Upon that subject the first section of our Bill of Rights declares: "That no man or set of men are entitled to exclusive separate public emoluments or privileges from the community but in consideration of public services."

It is not contended that the act authorizing the building and operating of said water-works required any "public service" to be rendered to the State. It is equally clear that the amended act exempting said property from taxation did not require any public service to be rendered the State in consideration of such exemption. It is equally clear, as matter of law, that the exemption, to be constitutional, must be made in consideration of public services rendered or to be thereafter rendered, and such services must be expressed in the act making the exemption, or in the act to which the act making the exemption is an amendment. Therefore, as none of the acts appertaining to said water-works required the appellee to render any public services to the State in consideration of the water-works property being exempted from State taxation, it is clear that, if the appellee stands on the same footing as an individual, the act exempting said property from taxation is unconstitutional. So the question is, was the power granted to the appellee to construct and operate said water-works granted to it as necessary to carrying on its municipal government as a political power, or simply as a private corporation for the convenience or profit of its citizens?

If the former, the exemption is constitutional; if the latter, it is not. But may a city be treated as a private corporation in the exercise of powers not necessary to carrying on its municipal government as a political power? · We have heretofore said that it may be so treated. We have also said that its property necessary to carrying on its municipal government as

a political power is not subject to State taxation; but if it is not necessary for such purpose, then it must be treated as the property of a private corporation, and is subject to State taxation, unless it is expressly exempted in consideration of public services.

The case of the City of Louisville v. The Commonwealth, 1 Duvall, 298, aptly illustrates the foregoing views.   In that case it is said: "And if   *   *   *   the public property of the State and counties is exempt, the same reason exempts the public property of Louisville used for carrying on its municipal government. But so far as any of its (the city's) property may be used, not for that purpose, but only for the convenience or profit of its citizens, individually or collectively, this it owns and uses as a private corporation, and, like the property of all such corporations not expressly exempted [in consideration of public services, of course], it is a legal subject of assessment for taxation." Now, are appellee's water-works necessary for carrying on its municipal government as a political power, or are they an enterprise entered into by the appellee for the convenience or profit of its citizens? If the latter, it can not be constitutionally exempted from State taxation except in consideration of public services. We do not entertain a doubt that it is the latter.

The following extract from Bailey v. New York, 3 Hill, 531, deciding that the city, in erecting water-works, acted in its private, not public, character, is correct law:

"The powers conferred by the several acts of the Legislature authorizing the execution of this great

work are not, strictly and legally speaking, conferred for the benefit of the public. The grant is a special private franchise, made as well for private emolument and advantage of the city as for the public good. The State in its sovereign character has no interest in it. The whole investment, under the law, and the revenue and profits to be derived therefrom, are a part of the private property of the city, as much so as the lands and houses belonging to it situated within its corporate limits. The argument of defendant's counsel confounds the powers in question with those belonging to defendants in their character as a municipal or public body, such as are granted exclusively for public purposes of counties, cities, towns and villages, where the corporations have, if I may so speak, no private estate or interest in the grant. As the powers in question have been conferred upon one of those public corporations, thus blending in a measure those conferred for private advantage and emolument with those already possessed for public purposes, there is some difficulty, I admit, in separating them in the mind, and properly distinguishing the one class from the other, so as to distribute the responsibilities attaching to the exercise of each. But the distinction is quite clear and well settled, and the process of separation practicable. To this end, regard should be had, not so much to the nature and character of the various powers conferred as to the object and purposes of the Legislature in conferring them. If granted for public purposes exclusively, they belong to the corporate body in its public, political, municipal character; but if the grant was for the purpose of private advantage and

emolument, though the public may derive a common benefit therefrom, the corporation, *quoad hoc*, is to be regarded as a private company. It stands on the same footing as would any individual or body of persons upon whom a like special privilege had been conferred."

It is clear that the appellee, in building and operating said works, acted in its capacity of a private corporation, and as it was not required to render public service in consideration of the exemption of said works from State taxation, the exemption is unconstitutional and void.

In Barbour v. The Board of Trade, 82 Ky., 649, Judge Hines announces the correct doctrine on this subject in the following strong and comprehensive language: "The power of taxation grows out of the necessity to preserve the government by laying the common burden upon every citizen enjoying its protection of life, liberty and property, and is limited in its nature to objects that are public, as distinguished from those that are personal or private in their character. Taxation immediately for the benefit of an individual is a contradiction in terms," which is prohibited by the fundamental law, unless it is granted as a "public privilege" in consideration of "public services." If the Legislature were to authorize the payment of a person's expenses in the performance of any enterprise not a public service, there can be no doubt that such an act would be unhesitatingly declared unconstitutional, and to exempt a person's property from taxation in consideration of the same service would be equally unconstitutional. To exempt a person's property from taxation is to increase the burden of

taxation upon all other tax-payers. The true test in such case is, has the Legislature the constitutional power to authorize the direct payment for the services? If not, she can not exempt the person's property from taxation. There is no brief on file for the appellee.

The judgment of the circuit court is reversed, and the case is remanded, with directions to grant the mandamus to compel the judge of the Campbell County Court to list said property for taxation, etc.