CASE 95—PETITION ORDINARY—JUNE 14.

# Trustees of Common School District v. City of Flemingsburg.

### APPEAL FROM FLEMING CIRCUIT COURT.

1. BOND FOR COSTS.—Sec. 616 of the Civil Code of Practice, which requires a plaintiff who is a corporation to give bond for costs, applies to private corporations alone and not to public corporations, and, therefore, does not apply to the trustees of a common school district.

2. CONSTRUCTION OF STATUTES.—Statutes are sometimes extended to

cases not within the letter of them and cases are sometimes excluded from the operation of statutes though within the letter,. it being an acknowledged rule in the construction of statutes that the intention of the makers ought to be regarded.

JOHN S. POWER AND CARROLL POWER FOR APPELLANTS.

1. Sec. 616 of the Civil Code which requires non-residents and corporations other than banks, created under the laws of this State, to give security for costs as provided in that section, does not embrace *quasi* political corporations such as school districts. (Harris v. School District No. 8, 28 Foster, 58-61; 31 Georgia, 225; 68 Ill., 154; 11 Kans., 28-30; Dillon on Municipal Corporations, vol. 1, secs. 22-25; City of Louisville v. Commonwealth, 1 Duvall, 295.)

2. The reason for requiring private corporations to give bond for costs, being to guard against such corporations defeating the collection of costs recovered against them by dissolution, bankruptcy, &c., does not hold good against *quasi* political corporations and does not apply to them.

3. The fact that sec. 4437 of the Kentucky statutes makes the trustees of a school district a body politic and corporate does not bring such district within the purview of the code provision. (Graham v. Mt. Sterling Coal Road Co., 14 Bush, 425; Devine v. Harvie, 7 Monroe, 440; Tracy & Loyd v. Hornbuckle, 8 Bush, 336; Loring v. Small, 5 Iowa, 271; Board of Education v. Nedinberger, 78 Ill., 58; Bulkley v. Eckert, 45 Amer. Dec., 650; Mayor of Baltimore v. Root, 63 Amer. Dec., 692.)

4. Statutes are sometimes extended to cases not within the letter of them, and cases are sometimes excluded from the operation of statutes though within the letter, since in the construction of statutes the intention of the maker ought to be regarded. (State v. Boyd, 2 Gill. & J., 274; Hawthorne v. St. Louis, 11 Mo., 59; Dwarris on Statutes ,9 Law Library, 63.)

W. G. DEARING, J. P. McCARTNEY AND G. W. CASSIDY FOR APPELLEE.

1. The appellant school trustees were made and created a corporation and body politic by the terms of the act creating the school district and are subject to all the incidents of corporations. (General statutes, page 1166, sec. 4.)

2. Sec. 616 of the Civil Code, which applies to all corporations except banks created under the laws of this State, embraces the appellant school trustees.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The trustees of Common School District No. 1, colored, Fleming county, instituted this action against the City of Flemingsburg to recover an amount alleged to be due the common school district. A rule was awarded against the plaintiffs to show cause why a bond for costs should not be given. Plaintiffs refusing to give the bond the petition was dismissed. From that judgment of the court this appeal is prosecuted.

By the common school law the trustees of a common school district and their successors are a "body-politic and corporate," with perpetual succession by the name of the trustees for their school district, and as such can sue and be sued, etc.

Sec. 616, Civil Code of Practice, reads as follows: "A plaintiff who is a non-resident of this State, or a corporation other than a bank, created by the laws of this State, before commencing an action, shall file in the clerk's office a bond of a sufficient surety, to be approved by the clerk, for the payment of all costs which may accrue in the action in the court in which it is brought, or in any other to which it may be carried either to the defendant or to the officers of the courts."

It is contended that by the foregoing section of the Code, it was the duty of the plaintiffs to execute the bond for costs, and upon their failure to do so it was the duty of the court to dismiss the petition.

A school district is a *quasi* corporation, so constituted for a public purpose. It is one of the agencies employed by the State to administer the common school laws. To make it an effectual and permanent aid the trustees have perpetual succession, and their duties are entirely of a public character. They can contract no debts nor can they make

disposition of any of the property of the school district, except by express authority of law. They can not become insolvent or dispose of the property of the district to prevent the payment of its debts.

Mr. Dillon in his work on Municipal Corporations, vol. 1, sec: 25, in speaking of school and road districts says:"They are involuntary political or civil divisions of the State, created by general laws to aid in the administration of the government. . . . They are purely auxiliaries of the State . . . Considered with respect to the limited number of their corporate powers the bodies above named rank low down in the scale of corporate existence, and hence have been frequently termed *quasi* corporations."

States, counties, towns, and cities are corporations—they are political powers. School districts are of somewhat similar character. All these *quasi* corporations are constituent elements of one total sovereignty. (City of Louisville v. Commonwealth, 1 Duv., 297.)

Banks, railroad companies, turnpike companies, etc., are private corporations.

While it is true the section does not make any distinction between public and private corporations, and does not except public corporations from its operation, yet in the construction of statutes it is proper to consider the policy of the law, and, if possible, reach the legislative intent. We think the policy of the section of the code in question was to protect persons when private corporations should bring suits against loss in the event of a failure of the corporation to recover a judgment. The legislature had in mind that the corporation could become insolvent, be disorganized, and in various ways render it impossible for the successful litigant to be recompensed for the sums expended in defending the litigation. Banks were excepted because they usually

have the cash with which to pay any expense incurred in a litigation.

We are of the opinion that the provisions of the code above refer to private corporations. It could not be said that it was intended that the State, a county or city should be required to give bond for costs, nor can it be reasonably presumed that a school district should be required to do so.

"Statutes are sometimes extended to cases not within the letter of them, and cases are sometimes excluded from the operation of statutes, though within the letter, on the principle that what is within the intention of the makers of a statute is within the statute, though not within the letter; and that which is within the letter of a statute, but not within the intention of the makers, is not within the statute; it being an acknowledged rule in the construction of statutes that the intention of the makers ought to be regarded." (Mayor &c., of Baltimore v. Root, 8 Md., 95.)

We are of the opinion that the court erred in holding that plaintiffs should give bond for costs, and in dismissing their petition for their failure to do so.

Judgment reversed, with directions to set aside order dismissing the petition, and for further proceedings consistent with this opinion.