CASE 114—TAXATION OF MUNICIPAL PROPERTY—FEB. 20, 1897.

# City of Covington v. Commonwealth.

APPEAL FROM CAMPBELL CIRCUIT COURT.

(This case which was omitted from the official reports heretofore is now ordered to be included. From the judgment in this case, a writ of error was prosecuted to the Supreme Court of the United States and on the 20th of February, 1899, the judgment was affirmed. 173 U. S., 231.)

1. CONSTITUTIONAL LAW—TAXATION OF MUNICIPAL PROPERTY— WATER-WORKS.—The water works property of the city, of Covington is not "public property used for public purposes" within the meaning of that language of section 170 of the Constitution defining what property should be exempt from taxation.

2. TAXATION—REPEAL OF CHARTER EXEMPTION.—An exemption from taxation contained in the charter of the city of Covington of the "reservoir or reservoirs, pumping house, machinery, pipes mains and appurtenances, with the land upon which they are situated," being subject to repeal at the will of the Legislature was repealed by the adoption of the present constitution.

3. SAME—CONTRACT.—The exemption embodied in the act of May 1, 1886 of waterworks property of the city of Covington being beyond the constitutional authority of the Legislature to make, it was not valid or enforcible.

W. McD. SHAW FOR THE APPELLANT.

1. The Legislature had power by the act of May 1, 1886, to exempt from taxation the waterworks property of Covington, Gordon v. Winchester B. Assn., 12 Bush, 114; Lancaster v. Clayton, 86 Ky., 375; Zable v. Louisville Baptist Orphans Home, 13 Ky Law Rep., 386; Dembitz on Ky. Jur., p. 89; Home of Friendless v. Rouse, 8 Wall., 435; New Jersey v. Watson, 7 Cranch 164; Salt Co. v. E. Saginaw, 13 Wall., 376; New Jersey v. Yard, 95 U. S., 104; Com. v. L., St. L. & T. Ry., 17 Ky. Law Rep., 405; City of Henderson v. Strangers' Rest Lodge No. 13, I. O. O. F., 17 Ky. Law Rep., 1041; Pearce v. Mason County, 18 Ky. Law Rep., 266.

2. The Legislature in passing said act and the city of Covington in accepting the provisions and constructing its waterworks, when relying upon the faith of said act formed a binding con-

tract between the State and city; the rights given appellant became vested and the State can not now violate the obligation f said contract without violating sec. 10, article 1, of the constitution of the United States and sec. 20, article 12, of the constitution of Kentucky in force at the time said contract was entered into, and in violating sec. 19 of the present Constitution. New Jersey v. Watson, 7 Cranch 164; Home of Friendless v. Rouse, 8 Wall., 435; Louisville Gas Co. v. Citizens' Gas Co., 115 U. S., 691; Comrs. of Sinking Fund v. Green and Barren River N. Co., 79 Ky., 73.

3. The property described in the petition as exempt from taxation by virtue of sec. 170 of the Constitution of Kentucky, which recites that "there shall be exempt from taxation public property used for public purposes," etc., and by virtue of sec. 4026 of the Kentucky Statutes, as follows. "Property exempt from taxation. The following property is exempt from taxation. Public property used for public purposes," etc. If the said property is "public property," used for "public purposes," the property is not liable for any tax. City of Toledo v. Hosler, 43 N. E. R., 583; State v. City of Toledo, 48 Ohio St., 112; s. c., 26 N. E. R., 1061; State v. Gaffney, 34 N. J., 131; 44 Conn., 367; People v. Assessors of Brooklyn, 19 N. E. R., 90; Galveston Wharf Co. v. Galveston, 63 Tex., 14; New Orleans Gas Co. v. Louisiana Gas Light Co., 115 U. S., 650; 115 U. S., 691; City of Louisville v. Com., 1 Duv., 295; Com. v. Makibben, County Judge, 90 Ky., 384.

RAMSEY WASHINGTON FOR APPELLEE.

On the taxability of waterworks: City of Louisville v. Com,. 1 Duv., 295; Lancaster v. Clayton, 86 Ky., 373; Com. v. Makibben, 90 Ky., 385; Clark v. Louisville Water Co., 90 Ky., 517.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The Commonwealth of Kentucky brought this action to recover possession of a tract of land held and claimed by the city of Covington, upon which had been erected waterworks. The facts upon which the right of recovery is based are, as stated in the petition, that, the city of Covington having failed to pay the State and county taxes due on said property for 1895 at the assessed value, it was in December, 1895, duly and legally offered for sale by the sheriff, who, no other person bidding, pur-

chased it for the Commonwealth at the price of $2,189, the sum of taxes unpaid.

It is stated in the answer, as defense, that for reasons set forth said property was exempt from all taxation, and consequently the assessment and sale under which the Commonwealth now claims title and right of possession were illegal and invalid.

To that answer a demurrer was sustained, and judgment rendered in favor of the Commonwealth for a writ of possession.

But, as recited in the judgment, counsel agreed the only question they wished decided is whether the property in question is liable to State taxes. The grounds upon which is based the claim of the city of Covington to exemption of the property from taxation are as follows:

1. That a provision is contained in "An act to amend the charter of the city of Covington," approved May 1, 1886, in these words: "Said reservoir or reservoirs, pumping house, machinery, pipes, mains and appurtenances, with the land upon which they are situated, shall be and remain forever exempt from State, county and city taxes."

In City of Louisville v. Commonwealth, 1 Duv., 295, [85 Am. Dec., 624], where the question arose as to exemption from taxation of various articles of property owned by that city, a distinction was expressly recognized between property owned and used for public purposes of a local government, or used in carrying on a municipal government, and property used, not for that purpose, but only for the convenience or profit of its citizens, individually or collectively.

And in Commonwealth v. Makibben, County Judge, 90 Ky., 384, [29 Am. St. R., 382; 14 S. W., 372], where the

question was whether the waterworks property of the city of Newport was, in pursuance of a special act to that effect, exempt from taxation, it was held not to be so, because not necessary or used to carry on the municipal government as a political power, but held and used merely for the convenience and profit of its citizens.

Immediately following that case, in the same volume of Reports, page 515 [14 S. W., 502], is the case of William Clark v. Louisville Water Co., where the same question arose; and for the same reason it was held that an act exempting from taxation the property of the Louisville Water Company was in violation of the Constitution, and, moreover, that the fact that the water supplied by the water company might incidentally protect public buildings of the State and city did not have the effect to validate the statute.

2. It is argued that as, upon the faith and in pursuance of the special statute of May 1, 1886, the city of Covington, by taxation of the property of its citizens, purchased the land and erected thereon the waterworks in question at great expense, it has acquired a contract right to the exemption now claimed. But it seems to us, if the General Assembly was, as we think, without constitutional authority to make the contract, assuming one was made, it is not, nor could be, valid or enforceable. Besides, by a general statute enacted February 14, 1856, and continued in force to the present time, the special act under which the exemption is now claimed, and all others like it, were rendered subject to repeal at the will of the General Assembly.

3. And thus we come to consider the third ground upon which the exemption is claimed; and that involves the inquiry whether section 170 of the present Constitution, and the statute passed in pursuance of it, operated to

repeal or continue in force that part of the special act of May 1, 1886, which exempts said waterworks property from taxation.

The subject of section 170 is "Revenue and Taxation," and so much of it as applies to this case is in these words: "There shall be exempt from taxation public property used for public purposes." It was followed by necessary statutory enactments, which, however, could neither curtail nor enlarge exemption from taxation as prescribed by the Constitution. And accordingly, in section 4026, Kentucky Statutes, adopted for the purpose of carrying out the provisions of section 170, is the identical language we have quoted. As it was manifestly intended by both the Constitution and statute to make subject to taxation all property not thereby in express terms exempted, it results that unless the waterworks property of the city of Covington be, in language or meaning of section 170, "public property used for public purposes," it must be held, like similar property in other cities, subject to taxation, and the special act of May 1, 1886, stands repealed.

Assuming, as a reasonable and beneficial rule of construction requires done, that the phrase "for public purposes" was intended to be construed and understood according to previous judicial interpretation and usage, there can be no doubt of the proper meaning and application of it; for in the cases cited, and others where the question of subjecting particular property of cities to taxation arose, the words "for public purposes" had been held by this court to mean, in that connection, the same as the words "for governmental purposes;" and so property used by a city for public or governmental purposes was held to be exempt, while that adapted and used for

profit or convenience of the citizens, individually or collectively, was held to be subject to taxation.

And, recognizing and applying that distinction, waterworks property of a city has been invariably treated by this court as belonging to the latter class, and consequently subject to State and county taxation.

In our opinion the property in question is, under the Constitution, subject to taxation, and the statute enacted in pursuance of it operated to repeal the special act of May 1, 1886.

Judgment affirmed.

---

The following separate concurring and dissenting opinions were not delivered at the time of the original opinion.