Carrollton Furniture Manufacturing Co. v. City of Carrollton.

---

CASE 69—ACTION FOR DAMAGES—OCTOBER 20.

# Carrollton Furniture Manufacturing Co. v. City of Carrollton.

APPEAL FROM CARROLL CIRCUIT COURT.

1. MUNICIPAL CORPORATION—WHARVES—LIABILITY OF LESSOR FOR NEGLIGENCE OF LESSEE.—Where a city of the fifth class has leased its wharf under section 3637 Kentucky Statutes, it is not liable to third persons for the negligent operation of the wharfboat in the absence of negligence in furnishing to the lessee a reasonably safe wharfboat.

2. CONSTITUTIONAL LAW—SECTION 203.—Section 203 of the Constitution is applicable to private and not to municipal corporations.

Carrollton Furniture Manufacturing Co. v. City of Carrollton.

WINSLOW & WINSLOW, FOR APPELLANT.

1. The relation of the city to the so-called lessee under the pleadings is not a pure question of law, but is a question of both law and fact, because Houghton is alleged to be a servant and agent as well as a lessee; and that he was representing the city as wharfmaster.

2. The relation between the city and Houghton was not that of landlord and tenant. The former owed the public a duty which it could not put off at will.

3. The wharf in question being a public wharf the owner remained liable for its negligent operation notwithstanding the lease.

4. Section 203 of the Constitution fixes the liability of the appellee.
    Citations on the foregoing points: 29 Am. & Eng. Enc. of Law, pages 61, 65, 78, 83, 84 and notes; 1 Dillon on Municipal Corporations (3d ed.), secs. 103, 105, 113; 2 Dillon on Municipal Corporations, secs. 575, 576, 980, 981; 16 Am. & Eng. Enc. of Law, pp. 411, 412, 414 and notes; Wiswall v. Hall, 3 Paige (N. Y.) 313; Pittsburg v. Grier, 22 Pa. St., 54; Eastman v. Meredith, 36 N. H., 284; s. c. 72 Am. Dec., 302; Wendell v. Baxter, 12 Gray (Mass.), 494; Campbell v. Portland Sugar Co., 62 Me., 552; s. c. 16 Am. Rep., 503; Fennimore v. New Orleans, 20 La. Ann., 124; Constitution of Kentucky (1891), sec. 203; Kentucky Statutes, sec. 3637; City of Louisville v. United States Bank, 3 B. M., 138; City of Louisville v. Commonwealth, 1 Duvall, 295; Commonwealth v. Makibben, County Judge, 90 Ky., 384; Bateman v. Covington, 90 Ky., 390; Roberts v. City of Louisville, 92 Ky., 95, 100, 104 and 105.

G. B. WINSLOW FOR APPELLANT IN A PETITION FOR REHEARING.
(WINSLOW & WINSLOW AND GAUNT & DOWNS OF COUNSEL.)

1. Section 203 of the Constitution is applicable to municipal corporations when they act otherwise than in a governmental capacity.

2. The court should revise its opinion and hold that no corporation shall lease out its public duties without responsibility.
    Additional citations: Clark v. Lou. Water Co., 90 Ky., 515; City of Covington v. Com., 19 Ky. Law Rep., 105.

J. B. DUNCAN FOR APPELLEE.

1. The lease by the city of Carrollton was a valid one and vested

the possession and control of the wharfboat in the lessee.  Ky. St., sec. 3637.

2. Section 203 of the Kentucky Constitution applied to private, not municipal corporations.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Carrollton is a city of the fifth class, and as such, under section 3637, Ky. Stat., has the right to hold such real and personal property as may be necessary and proper for municipal purposes; but it is denied the power to sell or convey any portion of any water front, but may rent it for a term not exceeding twenty years, except the wharf privileges, which shall not be leased for more than five years. As appears from the petition as amended, the city enjoys wharf privileges and owns a wharf boat, which it leased to W. E. Houghton; and whilst he was operating under the lease the appellants delivered to his care, on the wharf boat, a lot of furniture.   It is averred that the "lessee, his servants and agents, acting as wharf masters under said lease to said Houghton, by their gross negligence, carelessness, and recklessness permitted and allowed said wharf boat to fill with water and sink, together with the aforesaid shipment of furniture, and by reason of the aforesaid negligence, carelessness, and recklessness said furniture became wet," etc., and injured, to the damage of plaintiff in the sum of $800.  Whilst the pleadings, at a place or two, refer to Houghton as agent or lessee, still the facts alleged in the petition with reference to the lease show that he was the lessee of the wharf privileges, and not the agent of the city.  A pleading must be construed more strongly against the pleader.  It does not appear from the petition what were the exact terms of the lease which the city gave Houghton.  If the city had retained its wharf privileges and boat, and charged the

public for the use thereof, then the city would have been under an obligation to have kept the wharf, including the boat, in a reasonably safe condition for the use of the public. Shinkle v. City of Covington, 1 Bush, 617. There is no allegation in the petition that the city did not furnish the lessee with a wharf boat that was reasonably safe for the purposes for which it was intended and used, nor was there any allegation to the effect that the appellee's damage was ·the result of the city's failure to furnish a wharf boat which was reasonably safe for the purposes for which it was used. If such allegations had been made, then the question would arise as to what the obligations of the city were with reference to providing the lessee with a reasonably safe wharf boat. We do not decide what obligations the city was under in this regard, but, assuming that it was liable, still it is not liable under the allegations of the petition. It alleges that the damage resulted from the gross negligence, carelessness, and recklessness of the lessee, his servants and agents, acting as wharf masters. In no state of case could the city be held responsible for such acts of the lessee. The lessee was not the agent of the city, and, therefore, it can not be held liable for his negligence. Suppose it was the duty of the city, under the law, to furnish the lessee with a reasonably safe wharf boat, and it did so, and, further, that the lessee had scuttled it, and caused damage to persons who had property stored upon it; the city would not have been liable for his wrongful act. Suppose, again, after having furnished such boat it became unsafe; then the city if at all, could not be held liable for damages resulting therefrom, unless it was made aware of its unsafe condition, or by reasonable care could have discovered it, and failed within a reasonable time to make it safe.

Section 203 of the Constitution reads as follows: "No corporation shall lease or alienate any franchise so as to relieve the franchise or property held thereunder from the liabilities of the lessor or grantor, lessee or grantee, contracted or incurred· in the operation, use or enjoyment of such franchise, or any of its privileges." Counsel for appellant contend that under this section of the Constitution the city can not lease the wharf privileges so as not to be liable for the acts of the lessee in operating · under the lease. We are of the opinion that that section does not apply to municipal, but to private, corporations. Sections 190 to 208, inclusive, are under the heading, "Corporations," and relate to private corporations. The language of section 203 precludes the idea that it has any reference to municipal corporations. The judgment is affirmed.

On November 19th, the following response to a petition for a rehearing was delivered by Judge Paynter:

With more earnestness than discrimination, counsel for appellee declares in the petition for rehearing that the opinion delivered in this case is in conflict with five cases heretofore decided by this court, to-wit: City of Louisville v. Com., 1 Duv., 295; Com. v. Makibben, 90 Ky., 384; [14 S. W. 372]; Roberts v. City of Louisville, 92 Ky., 95 [17 S. W., 216]; Clark v. Louisville Water Co., 90 Ky., 515 [14 S. W., 502]; City of Covington v. Com., 19 Ky. Law Rep., 105 [39 S. W., 836.] In the cases of *City of Louisville v. Com., and Roberts v. City of Louisville* this court recognized that a municipality may have two characters of property—one governmental or public; the other private or proprietary. In the *Roberts case* the court held that "wharf property" belonged to the latter class. The opinion in the case under consid-

[ 34 ]

eration does not hold otherwise, or even discuss the question as to whether the "wharf property" of the city of Carrollton is of a governmental or private character. It was held in *City of Covington v. Com., Com. v. Makibben, and Clark v. Water Co.* that a municipality is compelled to pay taxes to the state upon its waterworks property. In reaching this conclusion, of course the court recognized that the waterworks property was not essential to the government of a city; and further recognized the distinction, which had been recognized in previous opinions of this court, as to the character of property which a municipality might own. There is not an expression or a word in the opinion delivered in this case from which any one should conclude that it is in conflict with those to which we refer. In fact, none of the questions involved in those cases were discussed in the opinion delivered in this case. We hold that section 203 of the Constitution was intended to apply alone to private corporations. The mere fact that a municipality may own property not used for public or governmental purposes does not make it a private corporation, nor does the fact that it may own property which a private corporation might own indicate that the constitutional convention intended section 203 to apply to municipalities. The evils which it sought to remedy are not such as have been ordinarily produced by municipal governments. This section is found in the Constitution under a subdivision with a heading "Corporations." Every section under that heading relates to private corporations. There is a subdivision with a heading, "Municipalities," but no such provisions as contained in section 203 are found under it. When we keep before us the distinction between a municipal and private corporation, it is easy to see that this section relates alone to private cor-

porations. The distinction between these corporations is well stated in *City of Louisville v. Com.*, as follows: "But in this respect there is an obvious and essential distinction between municipal and private corporations. A private corporation, like a bank, or railroad, or turnpike company, is, in the technical sense, altogether personal. But a municipal corporation, like a State, a county, or the city of Louisville, is much more than a person. While nominally a person, it is vitally a political power, and each, in its prescribed sphere, is '*imperium in imperio.*' All are constituent elements of one total sovereignty. The city of Louisville, to the extent of the jurisdiction delegated to it by its charter, is but an effluence from the sovereignty of Kentucky, governs for Kentucky, and its authorized legislation and local administration of law are legislation and administration by Kentucky, through the agency of that municipality." The petition for rehearing in this case has been passed upon in the manner required by law, and overruled.