CASE 43—ASSESSMENT FOR TAXATION—JANUARY 18, 1899.

## City of Owensboro v. Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

TAXATION—MUNICIPAL—EXEMPTION—PUBLIC PROPERTY, PUBLIC
PARKS, AND FIRE DEPARTMENT.—Under sec. 170 of the Constitu-
tion exempting from taxation "public property used for public
purposes," the following property is exempt from municipal tax-
ation: (1) The fire department property, including engine
houses, grounds of same, fire engines, hose reels, hook and
ladder wagons, hose and necessary horses, and (2) public parks.

(JUDGES GUFFY AND WHITE DISSENTING.)

J. A. DEAN FOR THE APPELLANT.

Neither prior to nor since the adoption of the present Con-
stitution was any of the property sought to be assessed herein

City of Owensboro v. Commonwealth.

liable to taxation.  Louisville v. Com., 1 Duv., 295; Dillon on
Municipal Corps., secs. 773, 774, 775, 598; Cooley on Taxation,
128, 129, 137, 172, 173, 174; Acts 1863-4, p. 118; Meyers' Supple-
ment to Revised Statutes, 408; Gen. Stats., 1873, p. 710; Gen.
Stats., 1888, p. 1036 and note A; Greenwood v. Louisville, 13
Bush, 226; Pollock's Admr. v. Louisville, 13 Bush, 221; ·Shear-
man & Redfield on Negligence, 265; 2 Thompson on Negligence,
735; Covington v. Com., 19 Ky. Law Rep., 105; 17 Am. & Eng.
Enc. of Law, 412; St. Louis v. Gorman, 29 Mo., 593; 1 Acts 1881,
p. 817, sec. 10, sub-secs. 23, 26, 27; Ky. Stats., sec. 3290, sub-
secs. 6, 7, 16, 33, 40

W. S. MORRISON AND T. L. KARN FOR THE APPELLEE.

The property of the appellant adjudged liable to be listed for
taxation by the lower court is owned and held by it in its social
and commercial capacity as a private corporation and is not
used by it in carrying on its municipal government, and it is,
therefore, not exempt from taxation.  Constitution of Ky., sec.
170; City of Louisville v. Com., 1 Duv., 295; Com. v. Makibben,
County Judge, 90 Ky., 384; William Clark, Sheriff, v. Louis-
ville Water Co., 90 Ky., 515; Cooley on Taxation, p. 482; Com.
v. Masonic Temple Co., 87 Ky., 349; City of Louisville v. Louis-
ville Board of Trade, 12 Ky. Law Rep., 397; Barbour v. Louis-
ville Board of Trade, 82 Ky., 645; City of Covington v. Com., 19
Ky. Law Rep., 105.·

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This appeal involves the question as to the right of the
Commonwealth to compel the city of Owensboro to pay
taxes upon property as follows, to-wit:  (1) The fire de-
partment property, including engine houses, and grounds
on which situated, fire engines, hose reels, hook and ladder
wagons, hose, and necessary horses.  (2) A public park
of the city.

At the time the case of City of Louisville v. Com., 1 Duv.,
295 [85 Am. Dec., 624], was decided, there was no statute
defining what part of the property belonging to munici-
palities should pay tax, or what part should be exempt

from taxation. The language of the statute then in force was so comprehensive as to embrace all property as taxable which belonged to municipalities. The court held that the law constructively applied to persons only, and not at all to public bodies exercising, in different degrees, the sovereignty of the State and that "the city of Louisville, to the extent of the jurisdiction delegated to it by its charter, is but an effluence from the sovereignty of Kentucky, governs for Kentucky, and its authorized legislation and local administration of law are legislation and administration by Kentucky, through the agency of that municipality."

The court was of the opinion that the exception specified in the statute did not imply that municipal property, *"used for public purposes of local government,* was to be taxed, and adjudged that the property of the city of Louisville *"used for carrying on its municipal government,"* was exempt from taxation. In determining what property was *constructively* subject to, and what was exempt from, taxation under the statute, it said: "Whatever property, such as courthouse, prison and the like, which became necessary or useful to the administration of the municipal government, and is devoted to that use, is exempt from State taxation; but whatever is not so used, but is owned and used by Louisville in its *social or commercial capacity* as a private corporation, *and for its own profit,* such as vacant lots, market houses, fire engines and the like, *is subject to taxation.* If, however, as just indicated, the property owned by the city as a private corporation is not used for profit to the city, but is dedicated to *charity,* it is not constructively subject to taxation under any existing law."

The effect of the opinion is that, under the statute, the

court could not adjudge any property belonging to the municipality exempt from taxation except such as was used for *charity, or used or needed for a governmental purpose,* and the court concluded that *engine houses* were not used or needed for that purpose. The opinion of the court in *1 Duv.,* 295, is criticised by Dillon on Municipal Corporations, sec. 774, note 1, wherein it is, in effect, said the exemption by implication should have extended to all the property of the city sought to be taxed. Cooley on Taxation, 173-4, likewise criticises the opinion by saying it limits the implied exemption unreasonably.

We recognize as just in part the criticism made by the learned authors. The case was decided in February, 1864, and at a time when the General Assembly was in session. That body evidently was of the opinion that the court did not give the construction to the statute which the legislative department of the government intended it to have; for on the 22d of February, 1864, an act was approved which provides "that all property belonging to any city or town of this Commonwealth, and which is necessary to the carrying on the government of such city or town, viz., police court houses, mayor's offices, including offices for the various city or town officers in said buildings, fire engine houses, engines and horses belonging thereto, work houses, alms houses, hospitals, pest houses, together with the grounds belonging thereto, be and the same is hereby exempt from all taxation." By the express declaration of the act, engines and engine houses were necessary to carrying on the government of cities.

This statute remained in force until the enactment of the "Hewitt Law," in which there was a clause for the exemption of property belonging to counties, cities and towns in the following language, to-wit: "Property owned

in its entirety by counties, cities and towns, which is necessary to carry on the government of such county, city or town." General Statutes, (Ed. 1888) p. 1036. This provision remained in force until the adoption of the present Constitution, sec. 170 of which reads as follows: "There shall be exempt from taxation public property used for public purposes . . . ." From this section it must be determined whether or not the municipality must pay taxes upon the property mentioned.

It is hardly necessary to observe that a municipality is an arm of the State, an "effluence" from its sovereignty, and is an instrumentality by which the State seeks to give to its citizens the best government possible. The police force of a city is for.the protection of the lives and property of the citizens of the State, but especially within the limits of the municipality, and the cost of maintaining it is paid at public expense. The firemen of a municipality are paid out of taxes levied for that purpose, and they are maintained to protect the lives and property of citizens of the Commonwealth. The firemen of a city are just as essential to its safety and proper government as is its police force. The fire department can only be effective by having engines, engine houses, and appliances which are usual in meeting the demands on the department. The property of a city used in connection with its fire department is, in our opinion, *public property, used for public purposes*, and is necessary to its government.

Hickman Park is a public park, maintained at public expense, not for profit, but for the public good. It is open to the rich and poor alike, whether they live in or outside the city. The municipal authorities are charged with the duty of maintaining the public health, and, in the judgment of scientific men, it is essential to the public

City of Owensboro v. Commonwealth.

health that cities have and maintain parks, where the people can breathe wholesome air. People of this enlightened age justify the levying of taxes to maintain them. They are just as much public property, used for public purposes, as are the streets, and trees planted therein, and it would be just as proper and reasonable to tax the one as the other. The public have access to and enjoy both. In our opinion, the public park is public property, used for public purposes, and necessary to the proper government of a city. Besides, why should an "effluence" from the sovereignty pay taxes to it on property which is essential to the proper discharge of the duty imposed of maintaining the public health?

The judgment is reversed for proceedings consistent with this opinion.

(January 27, 1899.)

JUDGE GUFFY DISSENTING.

The object of this action was to require the appellant to list certain property for taxation, as set up in the statement and pleadings mentioned. The judgment of the court below held that the engine house No. 1, situate on the north side of Fourth street, and fronting fifty feet thereon, and running back by parallel lines about sixty feet, and which lies between St. Ann and Allen streets, in said city, of the value of $1,000, for the years 1893, 1894, 1895, 1896 and 1897; and one lot known as "Engine House Lot No. 2," in the city of Owensboro, of the value of $2,500, for each of said years; and also a parcel of ground situated about two miles south of said city of Owensboro, known as "Hickman Park," describing the same, and containing 23.73 acres, for said years, at the value of $2,200 for each of said years; and also five horses, of the value of $75 each; also four mules, of the value of $50 each, for said

years; and two hose reels, of the value of $155; also one hose, of the value of $500; also one hook and ladder wagon, of the value of $100, and also one chemical engine, of the value of $500, for each of said years—were all liable for the taxes claimed; and it was further adjudged that, in addition to the taxes hereinbefore set out, the appellant is liable for 20 per cent. on the total amount of said taxes due, and the costs of this proceeding.

From the aforesaid judgment this appeal is prosecuted, and the question presented for decision is whether the aforesaid property is liable to taxation under the laws of this Commonwealth.

The majority opinion of the court holds that the engine house and the fixtures, and the park property, aforesaid, are all exempt from taxation, and assumes that the same is public property, used for governmental purposes. I dissent entirely from the conclusion reached by the majority opinion. The engine, etc., is nothing more or less than private property used for the exclusive benefit of the citizens of Owensboro, and is in no sense used for governmental purposes. From the pleadings in this case, it is clear that the park is the exclusive property of the city of Owensboro, and used as a luxury and convenience for the people of Owensboro. It may be that the public have access to same, but access is manifestly subject to the will of the city of Owensboro, and, at most, can only be said to be a convenience or luxury to those enjoying the same, and is in no sense property used for public purposes. It seems to me that the majority opinion in this case is in conflict with all the former decisions of this court upon the question under consideration. In the case of City of Covington v. Commonwealth of Kentucky, 19 Ky. Law Rep., 105, [39 S. W., 836], this court said: "The Commonwealth

of Kentucky brought this action to recover possession of a tract of land held and claimed by the city
of Covington, upon which had been erected waterworks.
The facts upon which the right of recovery is based are, as
stated in the petition, that, the city of Covington having
failed to pay the State and county taxes due on said property for 1895 at the assessed value, it was in December,
1895, duly and legally offered for sale by the sheriff, who,
no other person bidding, purchased it for the Commonwealth at the price of $2,189, sum of taxes unpaid.  It is
stated in the answer as defense that, for reasons set forth,
said property was exempt from all taxation, and, consequently, the assessment and sale, under which the Commonwealth now claims title and right of possession, were
illegal and invalid.  To that answer a demurrer was sustained, and judgment rendered in favor of the Commonwealth for a writ of possession; but, as recited in the
judgment, counsel agreed the only question they wished
decided is whether the property in question is liable to
State tax.  The grounds upon which are based the claim of
the city of Covington to exemption of the property from
taxation are as follows:  (1) That a provision is contained
in 'An act to amend the charter of the city of Covington,'
approved May 1, 1886, in these words:  'Said reservoir or
reservoirs, pumping house, machinery, pipes, mains and
appurtenances, with the land upon which they are situated,
shall be and remain forever exempt from State, county
and city taxes.'

"In city of Louisville v. Com., 1 Duv., 295 [85 Am. Dec.,
624], where the question arose as to exemption from taxation of various articles of property owned by that city,
a distinction was expressly recognized between property
owned and used for public purposes of a local govern-

ment, or used in carrying on a municipal government, and property used, not for that purpose, but only for the convenience or profit of its citizens, individually or collectively. And in Com. v. Makibben, county judge, 90 Ky., 384 [29 Am. St. R., 382; 14 S. W., 372], where, the question being whether the water works of the city of Newport was, in pursuance of a special act to that effect, exempt from taxation, it was held not to be so, because not necessary or used to carry on the municipal government as a political power, but held and used merely for convenience and profit of its citizens. Immediately following that case, in the same volume of reports, page 515, William Clark v. Louisville Water Co., [14 S. W., 502], where the same question arose, and for the same reason it was held an act exempting from taxation the property of the Louisville Water Company was in violation of the Constitution; and, moreover, that the fact the water company might incidentally protect public buildings of the State and city did not have the effect to validate the statute. (2) It is argued that as upon the faith and in pursuance of the special statute of May 1, 1886, the city of Covington, by taxation of the property of its citizens, purchased the land, and erected thereon the water works in question, at great expense, it has acquired a contract right to the exemption now claimed; but it seems to us, if the General Assembly was, as we think, without constitutional authority to make the contract, assuming one was made, it is not nor could be valid or enforceable. Besides, by a general statute enacted February 14, 1856, and continued in force to the present time, the special act under which the exemption is now claimed, and all others like it, were rendered subject to repeal at the will of the General Assembly. And thus we come to consider the third ground upon which the exemp-

City of Owensboro v. Commonwealth.

tion is claimed, and that involves the inquiry whether sec. 170 of the present Constitution, and the statute passed in pursuance of it, operated to repeal or continue in force that part of the special act of May 1, 1886, which exempts said water works property from taxation. The subject of sec. 170 is 'Revenue and Taxation,' and so much of it as applies to this case is in these words: 'There shall be exempt from taxation public property used for public purposes.' It was followed by necessary statutory enactments, which, however, could neither curtail nor enlarge exemptions from taxation as prescribed by the Constitution. And accordingly, in section 4026, Kentucky Statutes, adopted for the purpose of carrying out the provisions of section 170, is the identical language we have quoted.

"As it was manifestly intended, by both the Constitution and statute, to make subject to taxation all property not thereby, in express terms, exempted, it results that, unless the water works property of the city of Covington be, in language or meaning of section 170, public property used for public purposes,' it must be held, like similar property in other cities, subject to taxation, and the special act of May 1, 1886, stands repealed.

"Assuming, as a reasonable and beneficial rule of construction requires done, that the phrase 'for public purposes,' was intended to be construed and understood according to previous judicial interpretation and usage, there can be no doubt of the proper meaning and application of it. For in the cases cited, and others where the question of subjecting particular property of cities to taxation arose, the words 'for public purposes' had been held by this court to mean, in that connection, the same as the words 'for governmental purposes;' and so property used by a city for public or governmental purposes was held

[23]

to be exempt, while that adapted and used for profit or convenience of the citizens, individually or collectively, was held to be subject to taxation; and, recognizing and applying that distinction, water works property of a city had been invariably treated by this court as belonging to the latter class, and, consequently, subject to State and county taxation."

It is perfectly manifest that the engine house and appur- tenances are for the exclusive benefit of the citizens of Owensboro, and in no sense used for governmental pur- poses, any more than the appliances or conveniences, re- sorted to by an individual citizen of any county or neigh- borhood, which he might procure to protect his property from destruction by fire; and it would hardly be contended that an engine house, and the necessary appurtenances, which add to the value of a farm, were exempt from tax- ation.

So far as the park is concerned, it is exclusively for the social and personal convenience and enjoyment of the parties entitled thereto, and can not, in any sense, be said to be for governmental purposes, and, so far as this record shows, is the absolute property of the municipality of Owensboro, subject to be sold for any purpose that the municipality may desire to sell it, and is no more entitled to exemption from taxation than a park or pleasure ground of any other citizen of the State. The fact that it may be said to be owned by several thousand people can no more exempt it from taxation than the property of a number of farmers, which in like manner is owned by them. The effect of the majority opinion is to require the citizens of the State at large to pay for a park to be enjoyed by the citizens of Owensboro and such other persons as may be allowed access thereto; because the exemption of that

property from taxation necessarily requires an increase of taxation upon the other property in the State that is held liable for taxes.   It seems to me that the majority opinion is in direct conflict with the decisions of this court in the following cases, to-wit:   City of Louisville v. Com., 1 Duv., 295 [85 Am. Dec., 624]; Com. v. Makibben, county judge, 90 Ky., 384 [29 Am. St. R., 382; 14 S. W., 372]; Wm. Clark v. Louisville Water Co., 90 Ky., 515 [14 S. W., 502]; Cooley on Taxation, p. 482; Com. v. Masonic Temple Co., 87 Ky., 349 [8 S. W., 699]; City of Louisville v. Louisville Board of Trade, 90 Ky., 409 [14 S. W., 408]; Barbour v. Board of Trade, 82 Ky., 645; City of Covington v. Com., 19 Ky. L. R., 105 [39 S. W., 836]; Roberts v. City of Louisville, 92 Ky., 95 [17 S. W., 216].

The question of streets or sidewalks is not at all analogous to the property in question.   Public streets and public passways are well known to be essential to governmental purposes, as affording means of ingress and egress to and from public places; and it has ever been the law that a street or public highway is alike dedicated to public use, and beyond the power of any corporation or municipality to restrict the use of the same, or to deprive any one from access to and from same.   But in the case at bar the engine house and appurtenances and the park are the exclusive property of the municipality of Owensboro and of necessity are under the exclusive control of the municipality, which is, in effect, a corporation.   They are not used, and can not be used, for the suppression of crime, nor the punishment for a violation of any statute law, nor the redress of any individual grievance, nor the enforcement of individual rights or remedies.   "Governmental purposes" can only mean, in its most extensive sense, the punishment for crime, for prevention of wrong,

the enforcement of a private right, or in some manner preventing wrong from being inflicted upon the public, or upon an individual, or redressing some grievance, or in some way enforcing a legal right, or redressing or preventing a public or individual injury. I am utterly unable to see that the engine house or the park is necessary to accomplish any of the foregoing objects. In fact, it is palpable that they do not contribute in any degree thereto. Section 170 of the Constitution only exempts "public property" from taxation, and, as I understand that term, has always been construed by this court to mean such property as is used necessarily "for governmental purposes." If we are to construe the word "public" to mean all property that the public have unrestricted access to without charge, then every railroad depot must be exempt from taxation, because depots are used for public purposes, the public having free access to the same without any charge therefor; and the same may be said of various other articles of property that are owned by corporations, but are free to the public. The majority opinion makes no reference as to whether the mules involved in the action should be taxed or not, and I am unable to determine, from the opinion in this case, what is now the status of the mules in reference to taxation, and, inasmuch as they are "without pride of ancestry or hope of posterity," I will leave them as I find them; but earnestly dissent from all that part of the majority opinion which holds the engine house and appurtenances thereto and the park property exempt from taxation.

Judge White concurring.