CASE 64—PETITION ORDINARY—SEPTEMBER 18.

# Bateman, &c., v. City of Covington.

APPEAL FROM KENTON CIRCUIT COURT.

TOWNS AND CITIES—POWER TO LEASE WHARF.—The use and control of public highways, such as streets, wharves, etc., belonging to a city, can not be surrendered by the city to a private individual, to the exclusion of the public, in the absence of express legislative authority; therefore, a lease of a wharf by a city to a private person is void.

CLEARY & HAMILTON FOR APPELLANTS.

No brief in record.

WM. A. BYRNE FOR APPELLEE.

1. The lease is not good, because it is not contemplated by the charter, and because it is in conflict with an ordinance of the city.

Persons contracting with a municipal corporation must take notice of its charter and the extent of its powers. (Murphy v. City of Louisville, 9 Bush, 127; Craycroft v. Selvage, 10 Bush.)

2. The lease is also bad, because it is against public policy and the rights of the public, and unauthorized by the general law.

Bateman, &c., v. City of Covington.

The city has no power to lease a public highway or give the exclusive possession to individuals by rental, or in any manner whatever. (Dillon on Mun. Corp., 659, 660, and note 1, 661; Kennedy's Heirs v. Covington, 8 Dana, 55, 56; Rowan's Ex'rs v. Portland, 8 B. M.; Kennedy v. City of Covington, 17 B. M., Trustees of Augusta v. Perkins, 3 B. M.)

The city can plead *ultra vires*. (Dillon on Mun. Corp., 935; Presbyterian Church v. City of New York, 5 Cowan, 532; Vanderbilt v. Adams, 7 Cowan, 349; Stuyvesant v. New York, *Idem*, 585.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The city of Covington, the appellee in this case, leased to the appellants, Bateman & Woods, for the period of five years, a part of its wharf, bordering on the Ohio river, being a small strip of land between the river and the parallel street. The appellants were invested with all the rights of the city, and were given, by the terms of the lease, complete control of the wharf, binding themselves to use the ground for wharf privileges only. At the time of the lease Shinkle was in possession of the wharf, using it for his own purposes, and the city failing or refusing to place the lessees in possession, they brought this action to recover damages for a violation of the contract on the part of the city. There was a demurrer to the petition, and the demurrer sustained on the ground that the city council had no power to make such a contract, and divest the city of the right to control its wharf for the use and benefit of the public.

We perceive no authority in the city charter, or any legislative enactment, empowering the city to make such a contract, or to deprive the public of its use. The city has the power to impose certain duties upon those availing themselves of wharf privileges, and to make such regulations as may be necessary to keep

the wharf in repair for public use, but it has no power to confer such absolute control upon an individual who leases it for his own private use   The city must control the use, and for this purpose may place the ground in charge of a wharfmaster, or some agent who acts for the city, that the public may enjoy the use.   A city has the exclusive control of its streets, and a like control over its wharves, and in appropriating the use of either for the benefit of a private person, to the exclusion of the public, it is going beyond its power, and such a contract is void.   The city is a mere trustee for the public, and all have the right to use streets and wharves, one citizen having the same right as another. (Dillon on Municipal Corporations, 659–661.)

When a city undertakes to confer on a private individual such a right in streets or wharves, without legislative authority, as will produce a conflict between the public and the private use, the act is *ultra vires ;* and, as said in the case of the City of Louisville v. The Bank of United States, 3 B. M., 157, "it would be almost as reasonable to sell and appropriate as private property the river itself as the ground lining its margin.   The object of the town or the city owning this ground is to benefit its facilities as a highway."   In this case the right to the use or control is, in effect, abandoned by the city, and the right to the possession claimed by the appellants on the one side and Shinkle on the other.

In the case of Louisville City Railway Co. v. City of Louisville, 8 Bush, 415, it was said that the municipal government had no power to grant the use of its street for a railway without legislative authority.   The use and control of public highways, such as streets,

wharves, etc., belonging to the city, can not be surrendered by contract to a private individual 'to the exclusion of the public.. Such highways are public property, intended for public use, and placed under the control of the city government for the benefit of the public, and any other disposition of such property, without special authority conferred by the lawmaking power, must be disregarded.

Judgment affirmed.