Commonwealth v. City of Paducah.

CASE 12.—PROCEEDING BY COMMONWEALTH BY F. A. LUCAS, REVENUE AGENT, AGAINST THE CITY OF PADUCAH, TO ASSESS OMITTED PROPERTY.— —June 7.

# Commonwealth v. City of Paducah

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

From the judgment in the county court the commonwealth appealed to the circuit court and again appealed from the judgment of the circuit court.— Affirmed.

1. Taxation—Municipal Property.—A city's fire apparatus electric light plant, poles, wires, a house and lot, and other property used for public purposes, are not liable for State and county taxes.

2. Same—Assessment.—In a proceeding under the express terms of Ky. Stats., 1903, Sec. 4241, for the assessment for taxes of omitted property, on the Commonwealth's appeal from the county court's holding that none of the property was taxable, the circuit court properly refused to assess the portion it held liable to taxation; its certificate that that portion was liable being sufficient to warrant the county judge in assessing it.

Commonwealth v. City of Paducah.

TAYLOR & LUCAS for appellant.

### AUTHORITIES CITED.

1.  Liability of municipal property to assessment for taxation: Sec. 170, Ky. Const.; Louisville v. Commonwealth, 1 Duval, 295; Commonwealth v. Makibben, County Judge, 90 Ky., 384; Barbour, Sheriff, v. Louisville B. of T., 82 Ky., 645; Covington v. Commonwealth, 19 Ky. Law Rep., 105; Clark v. Louisville Water Co., 90 Ky., 515; Board of Councilmen v. Commonwealth, 82 S. W., 1008; Newport v. Commonwealth, 90 Ky., 384; Commonwealth v. Louisville, 20 Ky. Law Rep., 893; Owensboro v. Commonwealth, 20 Ky. Law Rep., 1281; Negley, Sheriff, v. Henderson, 22 Ky. Law Rep., 912; Negley v. Henderson, 21 Ky. Law Rep., 1394; Commonwealth v. Lexington Cemetery Co., 70 S. W., 280.

2.  Burden is on party claiming exemption to allege and prove facts entitling him to same: Cooley on Taxation, 3d Ed., 356; Board of Trustees v. Bell Co. C. & I. Co., 16 Ky. Law Rep., 283; Newport v. Masonic Temple Assn., 103 Ky., 592; 20 Ky. Law Rep., 266; Bradley v. McAtee, 7 Bush, 667; Louisville Canal Co. v. Commonwealth, 7 B. Mon., 160; Deposit Bank of Owensboro v. Daviess Co., 102 Ky., 174; 19 Ky. Law Rep., 248; German Bank v. Louisville, 22 Ky. Law Rep., 99.

3.  Should the circuit court have remanded this case to the county court?  Commonwealth v. Reed, 89 S. W., 294.

JAMES CAMPBELL, JR., for appellee.

Our contention is that the action of the circuit court in certifying its judgment to the county court was tantamount to and had the same effect as if it had been remanded, for the remand could not have directed to do more than the circuit court had already done—direct that a portion of the property was subject to taxation: City of Owensboro v. Commonwealth, 49 S. W., 320.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

This proceeding was instituted by the auditor's agent in the county court of McCracken county, under section 4241 of the Kentucky Statutes of 1903. for the purpose of assessing as omitted property certain

specifically described property belonging to the city of Paducah, for State and county purposes for the years 1901, 1902, 1903, 1904, and 1905. The county court adjudged that none of the property was liable for taxation. From that judgment the Commonwealth appealed to the McCracken circuit court, and, the case being submitted, it was held that certain parts of the property were subject to taxation, and, as the city is not complaining, this part of the judgment may be dismissed from further attention.

The court further adjudged that the fire apparatus, electric light plant, poles and wires, the house and lot on Kentucky avenue between Third and Fourth streets, and the personal property belonging to the city of Paducah, and described in plaintiff's statement, are not liable for taxation for State and county purposes for the years mentioned. It is not disputed that the property in question belongs to the city of Paducah, or that it is used for public purposes; but the State contends that it is owned and used by the city in its local municipal capacity, as contradistinguished from its governmental capacity. The question presented was involved in Board of Council of City of Frankfort v. Commonwealth, 94 S. W. 648, 29 Ky. Law Rep. 699, and is controlled by that opinion. It is not necessary to reproduce the reasoning of the opinion. In it are reviewed all of the cases from this court bearing on the subject in hand, and the conclusion reached upholds the judgment of the circuit judge. We think the circuit court correctly refused to assess the property which it held liable for taxation. Its certificate to the county court that the property is liable for taxation is amply sufficient to warrant the county judge in assessing it at its fair cash value, and this will be done.

For these reasons, the judgment of the circuit court is affirmed.

The Chief Justice and Nunn and Carroll, JJ., dissenting to so much of the opinion as affirms the exemption of the electric light plant from taxation.