CASE 77.—ACTION BY THE  CITY  OF  LOUISVILLE AND
          OTHERS AGAINST THOMAS RYAN AND OTHERS.
          —May 6, 1909.

# Ryan, &c. v. City Louisville

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division.)

SAMUEL B, KIRBY, Judge.

Judgment for plaintiffs, defendants appeal.—Affirmed.

1.  Waters and Water Courses—Waterworks—Transfer to City—
    Validity.—The capital stock of a water company was owned
    by a city, and its council adopted an ordinance directing the
    commissioners of its sinking fund, custodians of the stock,
    to vote the whole of it for the transfer of the property to.
    the city, to be, when transferred, under the control of the
    board of waterworks.  The commissioners voted the stock at
    a regular meeting for the purpose indicated, and thereafter
    the president and secretary of the corporation, by resolution
    of its board of directors adopted at a regular meeting, exe-
    cuted and delivered a deed conveying the property to the
    city.  Held, that the transfer of the property to the city'
    was valid.
2.  Taxation—Exemption—City Waterworks Property.—The wa-
    terworks system, owned and operated by a city for the bene-

Ryan, &c. v. City of Louisville.

fit of its inhabitants, is used for public or governmental purposes, and is exempt from taxation, under Const. Sec. 170, exempting from taxation public property used for public purposes.

3.   Taxation—Assessments—Relief From Improper Assessment.— Where the assessed valuation of property is excessive, or there is an attempted assessment of omitted property, the remedy is by an application to the board of supervisors, and to appeal from their action, except on the question of valuation, and injunction does not lie; but it is otherwise where the property is not liable to taxation.

4.   Taxation—Exception—Relief From Improper Assessment.— Where the assessment for taxation of waterworks property of a city will create an apparent lien thereon, and a cloud on the title should the city wish to contract for an improvement of the property, or sell it, before litigation by the ordinary statutory methods to determine whether the property is exempt, equity will interfere, by injunction, to prevent the threatened cloud, because the property is exempted from taxation.

JOSEPH SELLIGMAN, County Attorney and CHARLES H. SEARCY, Asst. County Attorney for appellant.

For appellant is it contended:

1.   That even if the property in controversy should not be liable for assessment, and not be liable for taxes to the State and county, an injunction will not lie against the county assessor to prevent him valuing it for assessment.

2.   That said property of the Louisville Water Company is still liable for State and county taxes, and therefore properly assessed for same. Bell, sheriff v. City of Louisville, 106 S. W. 862.

CARROLL & MIDDLETON for appellees.

### POINTS AND AUTHORITIES.

1. The City of Louisville owns all the property of the Louisville Water Company and the title to the property is vested in the municipality. It is public property used solely for public purposes and is exempt from taxation. Board of Councilmen v. Commonwealth, 29 K. L. R. 699; City of Covington v. District of Highlands, 110 Southwestern, 338; Commonwealth v. City of Covington, 32 K. L. R. 837; Commonwealth v. City of Newport, 32 K. L. R. 820.

2. A property owner has the right to enjoin the assessment of his property which is exempt from taxation. Casseday v. Young, 92 Kentucky 227; Baldwin v. Shine, 84 Kentucky 502; Gregg v. Sanford, 65 Fed. 151; Briscoe v. McMillan, 117 Tenn. 115; Memphis &c. v. Gaines, 3 Tenn. Ch. 478; Jones v. Davis, 35 Ohio St 474; Krim v. Town &c., 38 West Va. 122; Commonwealth v. L. & N. 29 K. L. R. 666; Mt. Sterling &c. v. Ratliff, 31 K. L. R. 1229.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming:

This appeal presents for review a judgment of the Jefferson circuit court, chancery branch, second division, by which the appellant Thomas Ryan, assessor of Jefferson county, was perpetually enjoined from assessing, for state or county taxation for the year 1909, the property of the appellee, City of Louisville, known as the "Louisville Water Works;" the action for the injunction having been instituted against the assessor by the appellee City of Louisville.

In the case of Bell, Sheriff, v. Louisville Water Company, 106 S. W. 862, this court held that the same property was subject to taxation because the title was at that time vested in a corporation known as the Louisville Water Company, although the whole of the capital stock of that company was owned by the City of Louisville. Immediately following the decision in that case, the water company paid all taxes then due or claimed, together with the interest and penalties resulting from their previous nonpayment. Since that time, however, and prior to September 1, 1908, the entire waterworks plant, its franchise, and effects were transferred and conveyed by the Louisville Water Company to the appellee City of Louisville, and the title thereto, at the time it would have been assessed by appellant but for the injunction preventing its assessment, was vested in the City of Louisville. No doubt can exist as to the validity of this transfer. It was effected in the following manner: The general council of the city, by ordinance duly enacted, directed the commissioners of its sinking fund, custodians of its stock in the Louisville Water Company, to vote the whole of it for the transfer to the municipality of the en-

tire waterworks property, to be, when transferred, under the control of its board of waterworks. The board of sinking fund commissioners, as directed by the ordinance, at a regular meeting voted all the stock of the city in the Louisville Water Company for the purpose indicated. Thereafter the president and secretary of the Louisville Water Company, by resolution of its board of directors, adopted at a regular meeting, executed and delivered a deed conveying the waterworks plant, and property of every kind, of the Louisville Water Company to the City of Louisville, thereby legally consummating the transfer and vesting the title thereto in the municipality.

Conceding the transfer of the property to the city to be valid, does that relieve it from the burden of taxation? The question must be given an affirmative answer, unless this court should conclude to overrule numerous recent cases, in which it was held that such property cannot be taxed, because relieved of that burden by section 170 of the Constitution, which declares: "There shall be exempt from taxation public property used for public purposes." As the City of Louisville is but a political subdivision of the State, and may under its charter own and maintain, for the health, safety, and comfort of its inhabitants, the system of waterworks to which it has legally acquired title, such use of the property, being a use for public or governmental purposes exclusively, exempts it from taxation. This conclusion is so well supported by the subjoined list of authorities that further discussion of the matter would be a work of supererogation. Commonwealth v. City of Covington, Ky., 128 Ky. 36, 107 S. W. 231, 14 L. R. A. (N. S.) 1214; City of Frankfort v. Commonwealth (Ky.)

94 S. W. 648; City of Owensboro v. Commonwealth, 105 Ky., 344, 49 S. W. 320, 44 L. R. A. 202; City of Covington v. District of Highlands (Ky.) 110 S. W. 338.

It is, however, insisted for appellant that the City of Louisville cannot enjoin the assessor from assessing its property for taxation, although the property may be exempt from taxation. We think this contention untenable. It is true that a mere informality or irregularity in the assessment of property or collection of a tax will not authorize an injunction The same is true where the assessed value is too high, or there is an attempted assessment of omitted property, for the statute affords a remedy in such cases. Application for relief may be made to the board of supervisors, and from their action, except on the question of valuation, an appeal may be taken to the quarterly court; but we do not understand that the property owner or taxpayer is confined to the statutory remedies, where there is an illegal assessment, or attempted assessment, of property or the collection of a tax, and the property is exempt from taxation. In such case the property owner or taxpayer may, in a court of equity, enjoin the illegal assessment or collection. Time and again the State Board of Valuation and Assessment has been enjoined from placing its valuation upon the franchise of a railroad or other corporation. L. & N R. R. Co. v. Commonwealth (Ky.) 94 S. W. 655, 29 R. 666; Hager v. American Surety Company, 121 Ky. 791, 90 S. W. 550. No reason is perceived for not also resorting to this remedy to prevent the assessor from assessing property which is not subject to taxation. It is alleged in the petition that the assessment for taxation of appellee's waterworks plant and prop-

erty will create an apparent lien upon it, and cloud upon its title, should it wish to contract for its improvement, or to sell it, before litigation, by the ordinary statutory methods, to determine whether it is liable to taxation would end. This being true, a court of equity will interfere by injunction, to prevent such threatened cloud upon the title to its property.

The only authority cited by appellant in support of his contention is the case of Baldwin v. Shine, 84 Ky. 502, 2 S. W. 164, 8 R. 496, but a close examination of the opinion in that case will show that it does not furnish the support claimed. It was therein decided that the county judge could be enjoined from fixing a final valuation upon the property sought to be assessed, after reaching which conclusion the court further said: "Of course this rule does not apply to an ordinary assessment, not final in its character, where the party may apply to the board of supervisors or the county judge for relief." Manifestly the last statement was mere dicta, for the relief sought in the case did not result from an act of the assessor, but of the county judge. The case of Baldwin v. Shine was based on a statute which is not now in force, viz., the act of 1873 (Gen. St. 1873, c. 92, art. 7, section 2), which provides that: "A person improperly charged with any tax or county levy, before he has paid the same, may make proof thereof to the county court in which the assessment was made and the court may correct the same." Under the present statute it has been decided by this court that, where the assessment of the property is void, the property owner is not required to appeal to the board of supervisors or quarterly court for relief, but may by in-

junction obtain it. Mt. Sterling Oil & Gas Company v. Ratliff (Ky.) 104 S. W. 993, 31 R. 1229.

The injunction in the instant case was properly granted. Wherefore the judgment is affirmed.