# Louisville Gas .& Electric Company v. Commissioners of Sewerage of Louisville et al.

(Decided November 14, 1930.)

PETER LEE, TABB, KRIEGER & HEYBURN for appellant.

ROWAN HARDIN and TRABUE, DOOLAN, HELM & HELM for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

By the act of 1920 a body corporate, known as the commissioners of sewerage in first-class cities, was created, and the duty was imposed upon it of planning and constructing a system of sewers for cities of the first class. The corporation was given the power necessary to carry out their plans. See Acts of 1920, p. 400, c. 86. Among other things the commissioners of sewerage for the city of Louisville, duly appointed, decided to build a sewer through Fourth street, from the Ohio river to Broadway; the sewer in use there was constructed in 1865 and had become insufficient. Much objection was raised to the cutting of an open ditch through the street as this meant the removal of street cars and other utilities and the interruption of traffic. After a careful consideration of the situation the commissioners determined to construct the proposed sewer by driving a tunnel beneath the surface of the street, as in this way the traffic upon the street would not be interrupted. A con-

tract was duly made with the Northern States Construc-
tion Company to drive the tunnel and to construct the
sewer. This was done during the years 1927 and 1928,
while traffic went on as usual on the street; but some
the soil beneath the surface of the street and above the
tunnel sank at various points, and, as the result of such
sinking the pipes, mains and conduits of the Louisville
Gas & Electric Company were caused to sag and to break,
requiring that company to immediately repair them,
which it did at a cost of $2,211.81. Thereupon it brought
this suit against the commissioners of sewerage of the
city and the Northern States Construction Company to
recover the above sum, alleging that the plaintiff's prop-
erty has been taken for public use, without compensation
previously made, as provided in section 242 of the Con-
stitution. It was not charged that the work was not car-
ried on in a careful or prudent manner or that there was
any negligence of the defendants. The action is based
upon the right to recover under section 242 of the Con-
stitution. The circuit court sustained a demurrer to the
petition. The plaintiff declined to plead further, and the
petition was dismissed. The plaintiff appeals. In the
printed brief for appellant, its case is stated in these
words:

"This is an action instituted by the Louisville
Gas & Electric Company against the Commissioners
of Sewerage of Louisville and the Northern States
Construction Company under Sec. 242, Kentucky
Statutes, to recover for injury caused its property
by defendants."

Appellant placed its pipes in the streets of the city
of Louisville, subject to the right of the public, through
its proper municipal authorities, to make such use of the
streets as might be necessary to protect the public health
and safety. The city authorities could not by contract
deprive the city of the power to make, in future, such use
of the streets as the public health or the public safety
required, and the gas company took its rights under its
franchise, subject to these limitations. Thus, in Louis-
ville City Railway Co. v. Louisville, 8 Bush, 415, the rail-
way company had placed a track in certain streets under
proper franchise authority. Some years later the city
decided to improve the streets and to build a sewer in
one of them. The railway company refused to replace
its rails as demanded by the city or to remove its rails

from the street in which the sewer was to be built, unless compensated by the city. Upholding the power of the city, the court said:

"The law reserves to the council the right to regulate the manner of the construction and reconstruction of the street-railways. The city government in the exercise of its legislative powers, must determine as to the necessity for or the propriety of the improvement of the streets, and also as to the manner of such improvement. The contract with the railway company does not impair its right to put down the Nicolson pavement on the streets through which the right of way has been granted to that corporation. When it exercises this right it must so regulate the reconstruction of the street-railways as to subserve as far as possible the convenience and necessities of the public. . . .

"The remaining question in controversy is as to the liability of the city to pay the cost of taking up and replacing the track of the company on Second street, between Walnut and Broadway. This was rendered necessary by the construction of a sewer under said street between those points. The company refused, after notice, to take up its track unless the city would bear the costs of taking up such track as well as of replacing it. The city in consequence of this refusal removed such portion of the track as was necessary, and failed and refused to replace it."

For these reasons the judgment entered there in the circuit court in favor of the city was affirmed. To the same effect, see Bateman v. City of Covington, 90 Ky. 392, 14 S. W. 361, 12 Ky. Law Rep. 384; City of Owensboro v. Cumberland, 230 U. S. 68, 33 S. Ct. 988, 57 L. Ed. 1389; 13 R. C. L., p. 177, sec. 154; 44 C. J. p. 932, sec. 3694. Under the authorities above cited appellant placed and maintained its pipes in the street subject to the police power of the city. It did not have an absolute property in the street or the right absolutely to maintain its pipes in the street; its rights were subject to the police power of the city. The cases cited by counsel were all cases where the plaintiff had an absolute right of property. Here appellant had no absolute right, and section 242 of the Constitution has no application.

Judgment affirmed.