# Board of Education of Pulaski County v. Nelson.

(Decided March 26, 1937.)

W. N. FLIPPIN for appellant.

R. C. TARTAR and BEN D. SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On February 14, 1933, John R. Nelson obtained a judgment against the Eubank Independent Graded

Common School District of Pulaski County for the sum of $14,018.02, the balance due for the construction of a schoolhouse. On August 9, 1934, the State Board of Education, acting pursuant to the provisions of section 3, article 5, chapter 65, of the Acts of 1934, now section 4399-3, Kentucky Statutes, adopted an order making the Eubank Independent Graded Common School District a part of the Pulaski County School District, and placed it under the jurisdiction of the Pulaski County Board of Education. Shortly thereafter the Pulaski County Board of Education, proceeding on the theory that it had succeeded to the rights and liabilities of the Board of Trustees of the Eubank Independent Graded Common School District, brought an action to set aside the judgment in favor of John R. Nelson on the ground that it had been procured by fraud. The lower court sustained a demurrer to the petition, and the judgment was affirmed on appeal. Board of Education of Pulaski County v. Nelson, 261 Ky. 466, 88 S. W. (2d) 17.

The Board of Education of Pulaski County brought this action under the Declaratory Judgment Act (Civ. Code Prac. sec. 639a—1 et seq.) for the purpose of obtaining an adjudication as to its liability for the Nelson judgment. The lower court held the county board liable, and it appeals.

Appellant's first insistence is that there is no statute requiring the county district to assume the liabilities of an independent graded school district made a part of the county district by action of the State Board of Education, and, that being true, the rule of the common law obtains, and that rule leaves the property where it is found and the debts on the original debtor. The pertinent statutes are subsections 3 and 4, article 5, chapter 65, Acts 1934, now sections 4399-3 and 4399-4, Kentucky Statutes. Section 4399-3 reads in part as follows:

"The State Board of Education may by order make any temporary independent school district a part of the county district whenever the same is (it) not complying with the school law and the standards, rules, and regulations of the State Board of Education, and after it has been given a reasonable time, to be fixed by the State Board of Education, within which to so comply."

Section 4399-4 reads as follows:

"Boards of education of any two or more contiguous school districts may by their concurrent action merge their districts into one school district. In case of a merger, the members of the boards of education of districts thus consolidated may serve out the terms for which they were elected and qualified.

"In case of any merger of school districts, the resulting district shall take over all the assets and legal liabilities of the districts joining in the merger; provided that tax levies authorized for the payment of interest and the retirement of bonds or the provision for sinking funds for such purposes shall continue to be levied and collected over the same area by or for the new board in accordance with the laws under which the levies were originally made until all bonded obligations of the old district or districts shall have been retired."

The argument is that section 4399-3, conferring on the State Board of Education the power to make any temporary independent school district a part of the county district, contains no provision making the county district liable for the debts of the independent school district, and that that part of section 4399-4, providing that in case of any merger of school districts the resulting district shall take over all the assets and legal liabilities of the districts joining in the merger, refers only to a merger by concurrent action of the boards of education of any two or more contiguous school districts, and not to a merger made by the State Board of Education. We are not disposed to take this view of the statute. It is true that the first part of section 4399-4 deals with mergers by boards of education of any two or more contiguous school districts, but the subsequent provision respecting the taking over by the resulting district of all the assets and legal liabilities of the districts joining in the merger is not confined to a merger under that section, but occurs in a separate paragraph and uses the broad language "In case of any merger of school districts," which is comprehensive enough to include every kind of merger. Under our law each county in this commonwealth constitutes a county school district, and the county school district is composed of the remainder of the county outside the

boundary of the independent school districts. When an independent school district is made a part of the county district by action of the State Board of Education, the result is clearly a merger, for the independent school district loses its identity and it is swallowed up and absorbed by the county district. We are therefore constrained to the view that the county district is liable for the debt in question.

But there is the further contention that the county district is not liable for the debt because the effect of the order was to impose on the county district an obligation in excess of the income and revenue provided for the year as prohibited by section 157 of the Constitution. It is true that in the case of Owsley County Board of Education v. Owsley County Fiscal Court, 251 Ky. 165, 64 S. W. (2d) 179, there is language tending to uphold the position of appellant, but that language was inadvertently used and must not be regarded as controlling. Long ago the precise question was before the court in the case of Covington & Cincinnati Bridge Co. v. Davison, 102 S. W. 339, 340, 31 Ky. Law Rep. 425, where the court, in holding that section 157 of the Constitution was not a limitation on the power of the General Assembly to adjust the burden of taxation, said:

"Section 157 of the Constitution, so far as material, is as follows: 'No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same. The purpose of this provision is to limit the power of municipalities. It is not intended to limit the power of the General Assembly in adjusting the burden of taxation. To illustrate: If territory is added to a city or stricken off from it, the Legislature may provide how the burden of taxation shall be borne and make such readjustment as is necessary as between the different boundaries affected. In the same way, if

territory is cut off from one municipality and added to another, or if one municipality is absorbed by another, the Legislature is not by this section deprived of the power to readjust the burden of taxation. It was held in Hopkins County v. St. Bernard Coal Company, 114 Ky. 153, 70 S. W. 289 [24 Ky. Law Rep. 942] that this section does not apply to those expenses which are necessarily incurred by a municipality in its governmental capacity. And if the Legislature can regulate the expenses to be incurred by a municipality in preserving the peace or protecting private property, we see no reason why it may not, upon the same principles, readjust the burden of taxation for a debt already incurred.''

To the same effect is 19 R. C. L. p. 733, and True v. Davis, 133 Ill. 522, 22 N. E. 410, 6 L. R. A. 266, and note.

This conclusion makes it unnecessary to determine whether, as a matter of fact, the assumption of the judgment created a debt in excess of the income and revenue provided for the year.

Judgment affirmed. Whole court sitting.