## Board of Education of Campbell County v. Board of Education of Newport.

Dec. 17, 1940.

A. M. Caldwell, Judge.

Webster Helm and L. S. Shepler for appellant.

Lorimer W. Scott for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This case is before us on appeal from a judgment dismissing the petition of the Campbell County Board of Education, plaintiff below, after the demurrer of the Newport Board of Education had been sustained thereto. We have decided that the judgment must be reversed. Upon the return of the case further pleadings may be filed, but, in view of the positions taken by the parties, it appears to us that the real questions at issue are before us at this time. Under the circumstances we deem it advisable to set forth our views as to the disposition of this dispute.

The case involves the ownership of school buildings which formerly belonged to the Clifton Independent School District and which were located in the Town of Clifton (sixth class). The school properties are now within the boundaries of the Newport School District. In November, 1935, the Town of Clifton, which constituted a part of the Clifton Independent District, was annexed by the City of Newport. This automatically transferred that part of the Clifton School District to the Newport School District. The Board of Education of the Newport School District took possession of the school properties and began to use them. The petition alleges that after the annexation of the Town of Clifton by the City of Newport the Clifton Independent School District continued in existence until it was made a part of the Campbell County School District by the State Board of Education in March, 1936.

It is the contention of the appellant that the annexation of the Town of Clifton by the City of Newport constituted a transfer of that part of the Clifton School District to the Newport School District, and that under Section 4399-5 of the Statutes the title to the school property remained vested in the Clifton School District. The first two paragraphs of this section of the statute read as follows:

"The title to school property in the territory transferred from one school district to another shall remain vested in the board of education of the district from which the territory was transferred.

"In case of the sale of such property the board of education to which the property belongs may allow a credit on the sale price of the property in proportion to the ratio which the school population of the transferred territory is to the total school population of the district from which the territory was transferred before the transfer was made."

The appellee contends, and in so contending stresses the case of Board of Education of Pulaski County v. Nelson, 268 Ky. 83, 103 S. W. (2d) 691, that the annexation effected a merger, under Sections 4399-3 and 4399-4 of the Statutes. The last paragraph of the latter section provides:

"In case of any merger of school districts, the resulting district shall take over all the assets and

legal liabilities of the districts joining in the merger; provided that tax levies authorized for the payment of interest and the retirement of bonds or the provision for sinking funds for such purposes shall continue to be levied and collected over the same area by or for the new board in accordance with the laws under which the levies were originally made until all bonded obligations of the old district or districts shall have been retired.''

It is clear to us that in enacting Section 4399-5 the legislature contemplated a situation in which the district from which the territory was transferred would continue to operate as a school district. In the great majority of cases such transfers are from a county school district to an independent district. We are fortified in this view by the second paragraph of the section, because that paragraph provides that the district from which the territory is transferred may sell the property to the taking district. A formula has been set up for the allowance of a credit on the sale price to the taking district on the basis of school population.

We have noted that the State Board of Education, in March, 1936, only a few months after the annexation of the Town of Clifton by the City of Newport, made the Clifton School District a part of the Campbell County District. This action was undoubtedly taken pursuant to the provisions of Section 4399-3 of the Statutes. Among other things, that section provides that all independent districts, other than those in cities of the first five classes, shall have a school census enumeration of at least 250 white children. The section further provides that the State Board of Education may permit such an independent district with a census enumeration of less than 250 white children to operate as a temporary district for specified periods. Presumably, the State Board of Education acted within its authority in placing the Clifton Independent District with the Campbell County District. But, as we interpret this statute, no action was necessary on the part of the State Board of Education if, after the annexation of the Town of Clifton by the City of Newport, the census enumeration of white children of the Clifton School District fell below 250. But, be that as it may, the State Board of Education did enter an order placing what remained of the Clifton District with the Campbell County District,

and that action appears not to have been questioned in any way.

The Pulaski County case, supra, extends the definition of a merger of school districts beyond a merger resulting from the concurrent action of two or more boards of education of contiguous school districts. In that case the absorption of an independent district by a county district was held to be a merger to which the provisions of Section 4399-4 would apply. In the opinion in the Pulaski County case [268 Ky. 83, 103 S. W. (2d) 692], it was said:

"The argument is that Section 4399-3, conferring on the State Board of Education the power to make any temporary independent school district a part of the county district, contains no provision making the county district liable for the debts of the independent school district, and that that part of Section 4399-4, providing that in case of any merger of school districts the resulting district shall take over all the assets and legal liabilities of the districts joining in the merger, refers only to a merger by concurrent action of the boards of education of any two or more contiguous school districts, and not to a merger made by the State Board of Education. We are not disposed to take this view of the statute. It is true that the first part of Section 4399-4 deals with mergers by boards of education of any two or more contiguous school districts, but the subsequent provision respecting the taking over by the resulting district of all the assets and legal liabilities of the districts joining in the merger is not confined to a merger under that section, but occurs in a separate paragraph and uses the broad language 'In case of any merger of school districts,' which is comprehensive enough to include every kind of merger. Under our law each county in this commonwealth constitutes a county school district, and the county school district is composed of the remainder of the county outside the boundary of the independent school districts. When an independent school district is made a part of the county district by action of the State Board of Education, the result is clearly a merger, for the independent school district loses its identity and it is swallowed up and absorbed by the county district. We are therefore

constrained to the view that the county district is liable for the debt in question."

It is now obvious that the situation before us is one which was not contemplated by the School Code. C. 65, Acts 1934. However, an examination of the Code, including those sections which have been mentioned herein, makes it obvious that the legislature intended an equitable disposition of school properties when a part of one school district is transferred to another, or when districts are merged. The situation was different prior to the adoption of the School Code. Board of Education of Jefferson County v. Board of Education of Louisville, 182 Ky. 544, 206 S. W. 869. That case dealt with a situation where property which belonged to the Jefferson County Board of Education was within territory which was annexed by the City of Louisville, thereby becoming a part of the Louisville School District. It was pointed out that an annexation might sometimes result in a disadvantage to the district from which the territory was transferred, but it was said that the question addressed itself to the legislature and that the resulting injustice was an outgrowth of the legislative policy.

We have before us a situation which resulted in the dissolution of the Clifton Independent School District. Part of the district went to the Newport School District and part of it to the Campbell County School District. Regardless of whether the part of the Clifton School District remaining after the annexation of the Town of Clifton by the City of Newport simultaneously merged with the Campbell County District or not until the time the State Board of Education so directed, we think that what resulted was a merger of the Clifton District with the Newport and Campbell County Districts. This conclusion is consistent with the reasoning in the Pulaski County case, supra.

Under the circumstances we believe that an equitable disposition of the property of the old Clifton Independent District would result from the application of the formula found in the second paragraph of Section 4399-5 of the Statutes, namely, the division of the property between the Newport and the Campbell County Districts on the basis of the relationship of the school population of the part of the territory which became a part of the Newport School District to the school popu-

lation of the old Clifton Independent District. If 60 per cent of the school population was transferred to the Newport District as a result of the annexation, then the Newport District should get 60 per cent of the property of the Clifton District. The remaining 40 per cent should go to the Campbell County district. Each district, of course, will take the bitter with the sweet. If there are liabilities, each must assume its proportionate part of them. This we believe to be an equitable solution of the question before us, and one which does no violation to the intent and purpose of the School Code.

Wherefore, the judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.