BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, Appellant,

v.

LOUISVILLE WATER COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1977.

Opinion Modified July 15, 1977.

Discretionary Review Denied Oct. 3, 1977.

E. Preston Young, Louisville, for appellant.

Samuel R. Wells, Louisville, for appellee.

Before REYNOLDS, HOWARD and VANCE, JJ.

REYNOLDS, Judge.

The Louisville Water Company furnished water services free of charge to the Louisville Independent School District until April 1, 1975, which was the effective date of merger with the Board of Education of Jefferson County. This suit is for declaratory judgment to determine the right of the Board of Education to continue to receive free water services for certain of its school facilities and whether the Board of Education is entitled to receive tax equivalents from the Water Company for support of its schools in the event free water service is not furnished.

The Board of Education appeals from the trial court's judgment which was adverse to its interests on both questions.

The Louisville Water Company was incorporated pursuant to Chapter 507 of the Acts of the General Assembly of 1854 and operated as a private corporation until 1906 when the General Assembly adopted an act, now codified as KRS 96.230–.310, which changed its status to an agency of the City of Louisville. In addition, the Water Company deeded its real property and transferred its assets to the City. In *Ryan v. City of Louisville,* 133 Ky. 714, 118 S.W. 992 (1909), the court held that the Water Company, being owned and operated for public use by the City of Louisville, was exempt from taxation by virtue of Section 170 of the Kentucky Constitution. Concerning free water, KRS 96.270 provides:

The city shall have, through its board of waterworks, the use free of charge of all the water necessary for its fire department, police department, public buildings and school board, and for sprinkling its public highways, parks and parkways. It shall in turn exempt from taxation for city purposes all the property of which it has the control through its board of waterworks. Nothing in this section shall affect the right and duty of the board of waterworks to fix and collect reasonable rates for the use of water furnished to any other person, whether by assessment or meter measurement.

A developmental outline of the Louisville public schools is presented in well-documented briefs. From 1903 until 1910 Louisville schools were managed and controlled by the Board of Education known as the "Louisville School Board," pursuant to the Act of 1893, Section 1949 of Carroll's Kentucky Statutes, 1903 Edition. Subsequently, the Board's name was changed to "Board of Education of Louisville."

With the revision of the school laws of Kentucky by the adoption of Chapter 65 of the Act of 1934, and when in 1942 the Kentucky Revised Statutes were adopted, provisions relating to education were placed in Title 13 of KRS, consisting of Chapters 156 through 168. In effect, all former city schools which had been governed by different statutes became independent school districts, governed by uniform statutes.

Through the progress, development, responsibility and control of the Louisville schools, the appellant seeks to identify its public purpose of education, geographical location of facilities and "its" identity with the City of Louisville in order to retain free water services to the Board's facilities which are located within municipal boundaries.

Both parties have presented a plausible discourse upon their interpretation of the word, "its," as contained in KRS 96.270. Thus reminded, we, however, conclude that the weighty task of answering this direct question may be answered, to our satisfac-

tion, by referring to the cases of *Board of Education of Campbell County v. Board of Education of Newport,* 284 Ky. 774, 146 S.W.2d 30 (1940), and *Board of Education of Pulaski County v. Nelson,* 268 Ky. 83, 103 S.W.2d 691 (1937). "When an independent school district is made a part of the county district by action of the State Board of Education, the result is clearly a merger, for the independent school district loses *its* identity, and *it* is swallowed up and absorbed by the county district." *Id.,* at 86, 103 S.W.2d at 693. (Emphasis added.)

On April 1, 1975, the effective merger of the Louisville Independent School District with the Jefferson County School District erased, or terminated, any vestigial legal ties between the City of Louisville and "its" school board referred to in KRS 96.270. It follows that the Board of Education of Jefferson County is not entitled to receive water free of charge from the Louisville Water Company for its schools which are located within the boundaries of the former independent school district, pursuant to KRS 96.270.

Free water in exchange for freedom from taxation has a melodious ring, but the appellant's more pointed contention that the furnishing of free water by the Water Company is the basis for exemption from the payment of taxes cannot be sustained.

The Louisville Water Company is not only justified in billing for its services but is required to do so by provisions of KRS 96.270. The Jefferson County School Board was a purchaser who was not exempt from the payment of reasonable water rates.

We conclude by way of answering appellant's second question that the Board of Education of Jefferson County is not entitled to tax the Louisville Water Company. Taxation for school tax purposes of the Water Company's property is clearly prohibited by Section 170 of the Kentucky Constitution. *Ryan v. City of Louisville,* supra.

The judgment of the lower court is affirmed.

ALL CONCUR.