Robert N. BARBER, Movant,

v.

CITY OF LOUISVILLE, Respondent.

No. 89-SC-158-DG.

Supreme Court of Kentucky.

Oct. 19, 1989.

Philip C. Kimball, James E. Groves, Jr., Louisville, for movant.

James H. Highfield, Laura Harris, Louisville, for respondent.

COMBS, Justice.

The judgment obtained by Barber in the Jefferson Circuit Court was appealed by the City of Louisville to the Court of Appeals. In its opinion which reversed and remanded with directions that a judgment be entered for the City of Louisville, that court said:

> Drawing all inferences which the jury could have reasonably drawn from the evidence in favor of the appellee, it is still evident that there was insufficient evidence to support the verdict finding the City to be negligent.... *There was no proof as to whether the fire department turned off the hydrant at the top valve or at the gate valve; there was no proof as to whether the hydrant was in fact turned on again prior to the fire at issue; and there was no proof as to who repaved the street in front of the appellee's dwelling preventing access to the gate-valve.* [Emphasis added.]

On December 9, 1984, Barber's home located at 819 South 36th Street in Louisville was destroyed by fire. His wife saw smoke coming up through a furnace vent and called the Louisville Fire Department, which promptly responded. Two fire fighters entered the basement of the home with a hose, expecting to confine the fire to the basement. One of them testified at trial that they waited for five or six minutes for the water to flow from the hydrant to which they had affixed the hose, but the hydrant was inoperable. The fire fighters waited several minutes before the heat forced them to leave. Other fire fighters connected another hose to another hydrant that was located five to six hundred feet away from Barber's home. By the time the water from this hydrant was delivered, the home had been totally destroyed. The fire fighters then devoted their time to saving other buildings in the area.

On December 6, 1985, Barber filed an action against the City alleging that his loss resulted from its negligence in failing to have an adequate water supply to combat the fire. At the close of a two-day trial, the jury awarded Barber $27,000 for the loss of his home and its contents.

According to the uncontradicted evidence, the difficulty with the hydrant in question was that it had been turned off at a gate valve in the street. A neighbor, Mrs. Beasley, testified that she called the fire department in the summer of 1983 to report that children had turned on the hydrant. She testified that the fire department, as they had in the past, came to the hydrant and stopped the flow of the water. She further testified that she had never seen the Louisville Water Company employees around the hydrant before the fire, but that she did see them afterwards. Barber, Mrs. Beasley and a Mrs. Saunders all testified that South 36th Street was repaved during this summer and that the manhole cover over the gate valve was paved over. The City Attorney admitted during trial that the City was responsible for the paving process although the actual paving may have been done by a contractor.

It is undisputed that the fire department relied upon the Louisville Water Company to maintain the hydrants throughout the City in order to secure an adequate water supply.

The trial judge instructed the jury as to the duty of the City, as follows:

> It was the duty of the defendant, City of Louisville (hereinafter referred to as

City), through its agents and employees, to exercise ordinary care in turning the valves on and off which operate the hydrant in question and/or in paving the street around it so that said hydrant will remain in a reasonably safe operating condition for the use for which it was intended.

The jury was also instructed as to the duties of Barber. The jury found that he was blameless and that the fire and resulting loss were due to the City's negligence.

 The City contends that the Louisville Water Company owned and operated the Water Company and that if there was a failure to supply water it was its liability and not the City's, and that the Water Company was a necessary party. In support of this argument, the City cites KRS 96.260 as giving the Louisville Water Company corporate powers and enabling it to sue and be sued. This is true. However, KRS 96.230 makes the Louisville Water Company an agent of the City. The pertinent portion of that statute is:

> ... [T]he city shall control, manage and operate the plant of the corporation, its franchise, and all its other property, in the manner provided in KRS 96.240 to 96.310.

As said by the Court of Appeals in *Board of Education of Jefferson County v. Louisville Water Company*, Ky.App., 555 S.W.2d 587 (1977):

> The Louisville Water Company was incorporated pursuant to Chapter 507 of the Acts of the General Assembly of 1854 and operated as a private corporation until 1906 when the General Assembly adopted an act, now codified as KRS 96.230–.310, *which changed its status to an agency of the City of Louisville.* In addition, the Water Company deeded its real property and transferred its assets to the City. [Emphasis added.]

While it would have been a better practice for Barber to have named the Water Company as a defendant, under the circumstances of this case it was not an indispensable party. The City could have brought it in by third party complaint but elected not to do so. The City also elected to introduce no evidence. The City of Louisville was responsible for this loss.

Due to the lack of water, Barber lost his home and its contents. This was the result of the City's fire department in closing the valve, the City's repaving of South 36th Street, and the Water Company's failure to periodically inspect the valves and hydrants to see that they were working properly. In view of this evidence, the jury was correct in imposing liability on the City.

There is still another compelling reason for us to reverse the opinion of the Court of Appeals, and that is the ancient doctrine of res ipsa loquitur. All the elements mentioned in *Vernon v. Gentry*, Ky., 334 S.W.2d 266 (1960) and *Bowers v. Schenley Distillers, Inc.*, Ky., 469 S.W.2d 565, 568 (1971) are present here.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is reinstated.

LAMBERT and WINTERSHEIMER, JJ., concur.

LEIBSON and VANCE, JJ., concur in result only.

STEPHENS, C.J., and GANT, J., dissent.